J-A19037-21

2021 PA Super 195

| | | |
|---|---|---|
| CAPSTONE CAPITAL GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER PERRY, INC., AND | : | |
| PATRICIA SANFORD | : | |
| | : | No. 454 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered January 13, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 201100411

BEFORE: DUBOW, J., MURRAY, J., and COLINS, J.*

OPINION BY COLINS, J.:                    Filed: September 30, 2021

Alexander Perry, Inc. and Patricia Sanford (collectively, "Appellants")

appeal from the order denying their petition to open a New York judgment

against them, which was entered in the trial court by Appellee Capstone

Capital Group, LLC ("Capstone"). We affirm.

This matter arises out of a factoring agreement between Capstone and

Alexander Perry, Inc. ("API"); Ms. Sanford is the president and chief executive

officer of API. In the factoring agreement, Capstone purchased certain

accounts receivable from API, including accounts related to a construction

project that API performed for J.R. Beale, Inc. When J.R. Beale failed to make

payment to Capstone as had been guaranteed in the factoring agreement,

Capstone demanded payment from Appellants and ultimately brought suit

_____

* Retired Senior Judge assigned to the Superior Court.

against them in the Supreme Court of the State of New York, New York County.[1]

In June 2019, Capstone and Appellants entered into a settlement agreement whereby Appellants agreed to pay $30,000 to resolve the dispute. The agreement further provided that, in the event that Appellants defaulted on their agreement to pay the settlement sum, Appellants would each be immediately liable for a judgment in the amount of $53,400. Ms. Sanford signed the settlement agreement for herself and API, and she also contemporaneously executed an affidavit for confession of judgment on behalf of herself and API in the amount of $53,400 plus interest payable in the event of Appellants' default on the settlement agreement.

Following Appellants' failure to pay the $30,000 required in the settlement agreement, Capstone reinstituted the action against Appellants in New York state court. On August 19, 2020, the Clerk of the Supreme Court of New York, New York County entered a default judgment in the amount of $64,931.38, which encompassed the principal sum of $53,400 as well as interest measured from the date of the settlement agreement and the costs of litigation. On November 5, 2020, Capstone filed in the trial court a praecipe to enter the New York judgment against Appellants.

---

[1] "In New York, the Supreme Court is the trial court of general jurisdiction, analogous to Pennsylvania's Court of Common Pleas." ***Standard Chartered Bank v. Ahmad Hamad Al Gosaibi and Brothers Co.***, 99 A.3d 936, 938 n.2 (Pa. Super. 2014).

On December 15, 2020, Appellants filed a petition to open the foreign judgment. In the petition, Appellants asserted that their petition was promptly filed within two weeks of the date upon which Capstone served a copy of the entry of judgment. Appellants also aver that they have a meritorious defense to Capstone's New York state action against them because Appellants had in fact repaid Capstone in excess of any moneys owed under the factoring agreements. In support of the claim that they did not in fact owe money to Capstone, Appellants attached an affidavit from Ms. Sanford explaining the history of her business dealings with Capstone and an affidavit from Appellants' counsel, Eric A. George, Esq. In addition, Appellants maintain that they were not residents of New York, had no legal counsel in that forum, and were unable "physically and financially" to defend Capstone's suit against them in that state. Petition to Open Judgment, 12/15/20, ¶10. Capstone filed an answer to the petition to open on December 23, 2020.

On January 13, 2021, the trial court entered an order denying Appellants' petition to open the New York judgment. In the order, the trial court found that Appellants had not presented sufficient evidence in their petition to overcome the settlement agreement and confession of judgment that supported the default foreign money judgment. Order, 1/13/21, at 1 n.1. Appellants filed a motion for reconsideration of the trial court's January 13,

2021 order, which the trial court also denied. Appellants thereafter filed a timely appeal.[2]

On appeal, Appellants raise the following issues:

1. Did the Court below commit an error of law and an abuse of its discretion by denying the Appellants' Petition to Open Judgment when the [Appellants] acted promptly, alleged reasonable excuse, and alleged a meritorious defense, providing sufficient evidence of that defense to require submissions of the issues to the Court on the merits at trial?

2. Did the Court commit [an] error of law and abuse its discretion by determining that the [Appellants] did not provide stronger evidence that the [Appellants] did not owe money to [Capstone] after the Court failed to issue a Rule to Show Cause Order permitting depositions contrary to Pa.R.C.P. No. 206 and Philadelphia Rule of Civil Procedure No. *206.4(c)?

Appellants' Brief at 3 (suggested answers omitted).

In their first issue, Appellants contend that they satisfied the three-part standard that must be met by a petitioner seeking to open a default judgment in Pennsylvania courts. This standard provides as follows:

Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

---

[2] The trial court did not direct Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 18, 2021, the trial court issued an opinion in which it relied upon the reasons offered in its January 13, 2021 order.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa. Super. 2009); *see also Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 285 (Pa. Super. 2019).

As to the first part of this standard, Appellants assert that their December 15, 2020 petition was promptly filed upon their receipt of notice that the foreign judgment had been transferred to Pennsylvania. Next, Appellants contend that they had a reasonable excuse for not appearing in the New York action as they are domiciled in Pennsylvania and "had limited contact with" and "limited ability to defend in" New York. Appellants' Brief at 15. Finally, Appellants argue that they have a meritorious defense to the New York action as set forth in their petition to open and its attachments, in which Ms. Sanford and Appellants' counsel aver that API had fully paid the amount owed to Capstone. Appellants also point to an API account statement attached to their motion for reconsideration, which they claim shows that API did not in fact owe any money to Capstone.

Appellants' argument is premised upon the standard employed by Pennsylvania courts when addressing a petition to open a default judgment entered by a court of this Commonwealth. However, they ignore that the judgment they wish to open is one entered by a sister state that was transferred to this jurisdiction. In such cases, the effect given to the foreign judgment is controlled by the full faith and credit clause of the United States Constitution, which requires that "Full Faith and Credit shall be given in each

State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1.

As the United States Supreme Court has explained, the "animating purpose" of the full faith and credit clause

> was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin.

*Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 232 (1998) (citation omitted). The United States Congress has also codified the mandates of the full faith and credit clause, providing that

> The [] judicial proceedings of any court of any such State, Territory or Possession [] shall be proved or admitted in other courts within the United States and its Territories and Possessions . . . .
>
> Such [] judicial proceedings [] shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738. Additionally, Pennsylvania has adopted the Uniform Enforcement of Foreign Judgments Act ("UEFJA") to facilitate the recognition and enforcement of foreign state judgments in the courts of our Commonwealth. *See* 42 Pa.C.S. § 4306.

When a judgment of one of the United States is transferred to another state, the full faith and credit clause prevents courts of the transferee state

from addressing the merits of the decision that forms the basis of the judgment.

> A State may not disregard the judgment of a sister State because it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits. On the contrary, "the full faith and credit clause of the Constitution precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based."

*V.L. v. E.L.*, 577 U.S. 404, 407 (2016) (*per curiam*) (quoting *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)). "A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker*, 522 U.S. at 233.

As this Court has further explained,

> [a] state is required to give full faith and credit to a money judgment rendered in a civil suit by a sister state even where the judgment violates the policy or law of the forum where enforcement is sought. If the judgment was valid and enforceable in the rendering state, it is equally so in all other states. Thus, a transferred judgment cannot be stricken or opened simply because the party seeking to open or strike can demonstrate that he/she would have a valid defense to the action if brought in Pennsylvania.

*Standard Chartered Bank v. Ahmad Hamad Al Gosaibi and Brothers Co.*, 99 A.3d 936, 942-43 (Pa. Super. 2014) (citation omitted); *see also Baker*, 522 U.S. at 234 ("We are aware of no considerations of local policy or law which could rightly be deemed to impair the force and effect which the full faith and credit clause and the Act of Congress require to be given to a money

judgment outside the state of its rendition.") (citation and extraneous punctuation omitted).

Therefore, while the UEFJA provides that a respondent may file a petition to open a foreign judgment upon its transfer to a Pennsylvania court, 42 Pa.C.S. § 4306(b); *Tandy Computer Leasing v. DeMarco*, 564 A.2d 1299, 1308 (Pa. Super. 1989), our case law makes clear that the Pennsylvania transferee court may not "open" the foreign judgment and revisit the merits of the underlying litigation as would be permitted of a domestic default judgment. *Commonwealth Capital Funding, Inc. v. Franklin Square Hospital*, 620 A.2d 1154, 1156 n.2 (Pa. Super. 1993); *Greate Bay Hotel and Casino, Inc. v. Saltzman*, 609 A.2d 817, 818 (Pa. Super. 1992); *see also Standard Chartered Bank*, 99 A.3d at 942-43. Instead, a trial court's authority in weighing a petition to open a foreign judgment runs only so far as a determination that the transferred foreign judgment is unenforceable in Pennsylvania. *Greate Bay Hotel*, 609 A.2d at 818;.

While a foreign judgment may not be attacked on its merits, the party challenging its validity may, on limited jurisdictional and procedural grounds, show an "irregularity" in the foreign proceeding that would preclude a Pennsylvania court from giving full faith and credit to the transferred judgment. *Standard Chartered Bank*, 99 A.3d at 942.

> [T]he doctrine of full faith and credit precludes retrial in the Pennsylvania courts of the validity of the judgment of a sister state affecting Pennsylvania residents except for the limited purpose of determining whether the transferor court had jurisdiction to enter the judgment and whether the judgment was obtained without

derogating the judgment debtor's due process rights. In order for our courts to recognize a judgment as valid and enforceable, the sister state must have had proper jurisdiction over the defendant and afforded him or her due process of law.

***Gersenson v. Pennsylvania Life and Health Insurance Guaranty Association***, 729 A.2d 1191, 1195 (Pa. Super. 1999) (citations, emphasis, and extraneous punctuation omitted); ***see also Standard Chartered Bank***, 99 A.3d at 942. The party contesting the validity of the foreign judgment bears the burden of demonstrating the procedural or jurisdictional irregularity in the foreign proceeding. ***Standard Chartered Bank***, 99 A.3d at 942.

In their petition to open the New York judgment, Appellants focused primarily on the merits of the underlying action, as they assert that they in fact did pay Capstone all the money owed to it under the factoring agreement and therefore there was no basis for Capstone to claim the contrary in its New York lawsuit. Petition to Open Foreign Judgment, 12/15/20, ¶¶5-7, 9. Therefore, Appellants requested that the trial court grant the petition to open and permit Appellants to file an answer and counterclaim to Capstone's New York complaint. ***Id.*** ¶8. However, the merits of the New York action which resulted in the instant transferred judgment were not properly before the trial court, and therefore could not have formed a basis by which that court could have granted the petition to open. ***V.L.***, 577 U.S. at 407; ***Baker***, 522 U.S. at 233; ***Standard Chartered Bank***, 99 A.3d at 942-43.

Appellants also claim in their petition to open that they

are not residents of New York, and have not conducted any business in New York, and were unable both physically and

- 9 -

financially to defend the legal action filed in New York State, and have no legal counsel in that state, excusing their failure to defend the legal action filed there.

Petition to Open Foreign Judgment, 12/15/20, ¶10; *see also* Appellants' Brief at 15 (arguing that Appellants' absence in the New York state case was excused as they "had limited contact with" New York and "limited ability to defend" themselves in that state). Notably, however, Appellants did not claim that they lacked the minimum contacts necessary for the exercise of personal jurisdiction over them by New York state courts nor do they assert that jurisdiction was improper under the New York long-arm statute. Indeed, any such claim that the New York courts lacked personal jurisdiction over Appellants would be belied by the fact that Appellants consented in the settlement agreement to "submit to the exclusive jurisdiction of the state and federal courts sitting in the State of New York to resolve any dispute" arising out of the agreement. Answer to Petition to Open, 12/23/20, Ex. A, at 3; *see also Oak Rock Financial, LLC v. Rodriguez*, 50 N.Y.S.3d 108, 110 (N.Y. App. Div. 2d Dept 2017) ("[A] party may agree by contract to submit to jurisdiction in a given forum and that such a forum selection clause, when it is part of the contract that forms the basis of the action, will be enforced, obviating the need for a separate analysis of the propriety of exercising personal jurisdiction[.]") (citation omitted).

Accordingly, as Appellants did not present an argument that the New York courts lacked jurisdiction over Capstone's suit against them or that the New York judgment was procured in derogation of their due process rights,

they have raised no grounds through which a Pennsylvania court could have declined to afford full faith and credit to the foreign judgment. Therefore, the trial court did not commit an abuse of discretion in denying the petition to open.

In their second issue, Appellants argue that the trial court erred and abused its discretion by denying the petition to open without first issuing a rule to show cause to allow for the development of an evidentiary record on the petition as required by Pennsylvania Rules of Civil Procedure 206.1 to 206.7 and the corresponding local rules. Appellants note that the proposed rule to show cause order included with their petition to open specifically provided for the taking of depositions by the parties. Appellants contend that they intended to depose Ms. Sanford who would have testified that API had paid Capstone all of the sums owed, including interest, and that they would have also produced documentary evidence, including financial and accounting records and checks that demonstrate that they have satisfied all debts to Capstone.

Under Rule of Civil Procedure 206.4, a trial court has discretion to issue a rule to show cause order upon the filing of a petition "unless the court adopts by local rule the procedure of Rule 206.6 providing for issuance as of course." Pa.R.C.P. 206.4(a)(1). The Court of Common Pleas of Philadelphia County has promulgated Local Rule 206.4(c), which adopts the procedure set forth in Rule of Civil Procedure 206.6. Phila.Civ.R. *206.4(c). The local rule provides

that the motions court clerk shall issue a rule to show cause as of course upon the filing of a petition and in the form indicated in the rule. *Id.*

There is some ambiguity regarding whether the instant petition is controlled by the practice set forth in Rules of Civil Procedure 206.1 to 206.7 as well as the local rules adopted thereunder. Rule of Civil Procedure 206.1 and Local Rule 206.1(a) provide that a petition to open a **default** judgment is subject to the petition practice delineated in the following rules, but neither rule indicates that a petition to open a **foreign** judgment—which, as described above, necessarily entails a more limited review of the underlying dispute—is subject to the same procedures. Pa.R.C.P. 206.1(a)(1); Phila.Civ.R. *206.1(a)(1).

Even assuming the instant petition is governed by the petition practice rules, however, we do not agree with Appellants that the trial court was required to allow depositions or hold an evidentiary hearing. Local Rule 206.4(c) does not mandate that a trial court accept discovery on a petition or that it issue the proposed rule to show cause submitted by the petitioner; instead the form rule to show cause order included in the Local Rule only directs that the respondent file an answer within twenty days and states that "[a] Hearing or Argument shall be scheduled at the discretion of the Assigned Judge." Phila.Civ.R. *206.4(c). Here, in spite of the fact that the clerk of the trial court did not issue a rule to show cause order upon the filing of the petition to open, Capstone did substantively respond to the allegations of the petition by filing an answer, and therefore Appellants effectively received the

full benefit of the local petition practice. *Cf. Dominic's Inc. v. Tony's Famous Tomato Pie Bar and Restaurant, Inc.*, 214 A.3d 259, 269-71 (Pa. Super. 2019) (holding that, upon consideration of a petition to strike and/or open a confessed judgment in Philadelphia County, the trial court was permitted under the Local Rule 206.4(c) to use its own form order and "the trial court had full discretion to allow or deny discovery or a hearing").

Moreover, the Rules of Civil Procedure fail to support Appellants' argument that they were entitled to take discovery before the trial court could dispose of the petition to open. Rule of Civil Procedure 206.7 outlines the procedure after the issuance of a rule to show cause, providing that "[i]f an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows." Pa.R.C.P. 206.7(c). On the other hand, "[i]f the answer does not raise disputed issues of fact, then the petition and answer are ready for decision by the court without the fact-finding process" of Rule 206.7. *U.S. Spaces, Inc. v. Berkshire Hathaway Home Services*, 165 A.3d 931, 933 (Pa. Super. 2017) (quoting Pa.R.C.P. 206.4, Comment); *see also Moss v. SCI - Mahanoy Superintendent*, 194 A.3d 1130, 1134 (Pa. Cmwlth. 2018). Thus, the discovery envisioned in Rule 206.7 is premised upon a dispute between the parties concerning facts material to the resolution of the petition, and discovery is not required where no disputed material fact exists.

Here, there existed no dispute as to material fact that required fact-finding prior to the trial court's resolution of Appellants' petition to open.

Appellants' claims in their petition that they fully satisfied their debts to Capstone go to the merits of the underlying New York lawsuit, an issue that was beyond the scope of review of the trial court when weighing the question of whether it should give full faith and credit to the foreign judgment. *V.L.*, 577 U.S. at 407; *Baker*, 522 U.S. at 233; *Standard Chartered Bank*, 99 A.3d at 942-43. Furthermore, Appellants did not raise any arguments in their petition germane to the subjects within the trial court's purview, namely whether the New York state courts had jurisdiction over the parties and action and whether the New York proceeding complied with the strictures of due process. *Standard Chartered Bank*, 99 A.3d at 942; *Gersenson*, 729 A.2d at 1195. Therefore, as there were no disputed issues of fact, the trial court was not required to allow for discovery prior to ruling on the petition to open.

As Appellants did not raise grounds which would have permitted the refusal of full faith and credit to the New York judgment and as fact-finding was unnecessary to resolve Appellants' challenge to the foreign judgment, the trial court did not abuse its discretion in denying Appellants' petition to open. Appellants are not entitled to relief in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/29/21</u>