J-A17034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAWN PERLMUTTER AND THOMAS BOLICK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2440 EDA 2021 |
| SUTTON INVESTMENTS, LLC AND TRINA AND JEFFREY VARONE, H/W AND UNITED STATES OF AMERICA WILLIAM BARR ATTORNEY GENERAL U.S. DEPARTMENT OF JUSTICE | : | |

Appeal from the Order Entered October 28, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2020-01609

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 23, 2022**

Appellants, Dawn Perlmutter and Thomas Bolick, appeal, *pro se*, from the order (i) granting the motion of Appellees, Trina Varone, Jefferey Varone, and Sutton Investments, LLC, to dismiss Appellants' petition to open/strike a transferred Maryland judgment; (ii) granting Appellees' motion to dismiss Appellants' complaint; and (iii) barring Appellants from pursuing any further *pro se* litigation against Appellees raising similar claims without leave of court pursuant to Pennsylvania Rule of Civil Procedure 233.1.  We affirm on the basis of the trial court opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We briefly recount the procedural and factual background in this case that is set forth in great depth in the trial court opinion. *See* Trial Court Opinion, 2/24/22, at 2-16. Ms. Perlmutter and Mrs. Varone are sisters; in 2010, their mother, Joan Sutton, died. Mrs. Varone was named as one of the personal representatives of her mother's estate, which was administered in Maryland. Ms. Perlmutter and Mr. Bolick[1] filed a petition to remove Mrs. Varone as personal representative. On January 29, 2014, the orphans' court of Montgomery County, Maryland granted Mrs. Varone's motion to strike the petition for removal; the order provided that any further filings that are deemed bad faith proceedings would be subject to costs and sanctions.

In 2016, Appellants filed an action in the Circuit Court of Montgomery County, Maryland, asserting that the Varones and the other personal representative of Ms. Sutton's estate defrauded Ms. Perlmutter out of her inheritance from her mother's estate. On September 22, 2016, the Maryland Circuit Court granted the defendants' motion to dismiss, awarded $12,611.50 in attorneys' fees, prohibited Appellants from any more filings without leave of the court, and provided that any further filing without leave would result in a finding of contempt of court. Appellants appealed, and the Maryland Court of Special Appeals affirmed the lower court's order and also directed that the costs of the appeal be borne by Appellants. The defendants then filed a motion

---

[1] As the trial court explained, "Mr. Bolick is a family friend and business associate of Ms. Perlmutter to whom she has assigned a percentage of her 'inheritance rights.'" Trial Court Opinion, 2/24/22, at 2 n.2.

for conformance with the mandate of the appellate court regarding the award of costs of the appeal, and on September 12, 2018, the Maryland Circuit Court entered judgment against Appellants, jointly and severally, in the amount of $1,980.00, plus post-judgment interest.

On March 9, 2020, the Varones filed a praecipe in the trial court to transfer the September 12, 2018 Maryland Circuit Court judgment in the amount of $1,980.00.[2] On April 1, 2020, Appellants filed a "Verified Counter-Claim Complaint" naming Appellees as defendants and asserting a claim for declaratory relief and claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The allegations in the complaint generally related to Appellants' contention that the Varones defrauded Ms. Perlmutter out of her share of Ms. Sutton's estate. Appellants later filed an amended complaint based on similar allegations and adding the United States as a defendant.

On November 24, 2020, Appellants filed a "Motion/Petition to Open/Strike and Second Amended Verified Counter-Claim Complaint." In this filing, Appellants requested that the trial court strike or open all judgments obtained by the Varones in the Maryland Circuit Court as those judgments

_____

[2] According to the trial court, the Varones also concurrently transferred the $12,611.50 attorneys' fee judgment from the Maryland Circuit Court, as well as an $8,927.40 judgment entered against Appellants in a District of Columbia action. Trial Court Opinion, 2/24/22, at 4. These other two judgments were docketed separately and, although Appellants requested consolidation of these other transferred judgments in their pleadings, they never filed a motion to consolidate. *Id.* at 4, 5 n.4, 6 n.5. Therefore, this appeal solely relates to the $1,980.00 transferred judgment.

were obtained through fraud and by denial of due process for Appellants. Appellees filed a motion to dismiss the "Motion/Petition to Open/Strike and Second Amended Verified Counter-Claim Complaint" pursuant to Rule 233.1.

After holding two hearings, the trial court entered an order on October 28, 2021 granting Appellees' motion to dismiss, denying Appellants' request to open or strike the transferred judgment, and dismissing their 'counterclaims' against Appellees. In addition, the trial court's order provided that, pursuant to the court's authority under Rule 233.1, Appellants are barred from bringing additional *pro se* litigation against Appellees on the same issues raised in the current matter without obtaining leave of the court. Appellants filed a motion for reconsideration of the order, but prior to the trial court ruling on the motion, they filed this timely appeal.[3]

Appellants raise the following issues before this Court:

A. Whether the [trial] court erred by denying [Appellants'] Petition/Motion to Strike [Appellees'] recorded judgment where the record contains judicial admissions showing the judgment to be void ab initio?

B. Whether the [trial] court erred and abused [its] discretion by not opening the judgment?

C. Whether the trial court erred and abused [its] discretion in granting [Appellees'] Motion to Dismiss brought pursuant to Rule 233.1 without notice thereby denying [Appellants'] due process of law?

---

[3] Appellants filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on December 9, 2021. The trial court filed its Pa.R.A.P. 1925(a) opinion on February 24, 2022.

Appellants' Brief at 11 (unnecessary capitalization omitted).

Our standard of review from the denial of a petition to open or strike a foreign judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. *Olympus Corp. v. Canady*, 962 A.2d 671, 673 (Pa. Super. 2008).

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Capstone Capital Group, LLC v. Alexander Perry, Inc.*, 263 A.3d 1178, 1181 (Pa. Super. 2021) (citation omitted). A petition to strike a judgment operates as a demurrer to the record and may only be granted based upon a fatal defect or irregularity appearing on the face of the record. *Digital Communications Warehouse, Inc. v. Allen Investments, LLC*, 223 A.3d 278, 284 (Pa. Super. 2019). Such a petition does not entitle a court to review the merits of the allegations; rather the petition to strike is directed towards defects that affect the validity of the judgment and entitle the petitioner to relief as a matter of law. *Id.* at 285.

Under the full faith and credit clause of the United States Constitution, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Capstone*, 263 A.3d at 1182 (citation omitted); *see* U.S. Const. art. IV, § 1. The full faith and credit clause

has been codified in this Commonwealth through the adoption of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* 42 Pa.C.S. § 4306.

Pursuant to the full faith and credit clause and UEFJA, a Pennsylvania court as to which the foreign judgment is transferred may not revisit the merits of the underlying litigation resolved in the foreign state and instead the foreign judgment may only be challenged on the basis that "the sister state must have had proper jurisdiction over the defendant and afforded him or her due process of law." *Capstone*, 263 A.3d at 1183 (citation omitted). The party challenging the validity of the foreign judgment bears the burden of demonstrating the procedural or jurisdictional irregularity in the foreign proceeding. *Id.*

Under Rule 233.1, a defendant in a pro se action may file a motion to dismiss on the basis that the plaintiff is alleging the same or related claims brought by the plaintiff in an earlier action against the defendant and those claims were settled or resolved by the court in the earlier action. Pa.R.Civ.P. 233.1(a). When a trial court grants a motion to dismiss pursuant to the rule, "the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.Civ.P. 233.1(c). However, the *pro se* plaintiff is not then barred from asserting counterclaims "in litigation that the *pro se* plaintiff did not institute." Pa.R.Civ.P. 233.1(d), Note. We review the trial court's grant of a motion to dismiss under Rule 233.1 under an abuse of discretion standard, although to the extent our review involves the

interpretation of the Rules of Civil Procedure, our standard of review is *de novo*. **Gray v. PennyMac Corp.**, 202 A.3d 712, 715 (Pa. Super. 2019).

Appellants argue that the trial court erred by not striking or opening the transferred September 12, 2018 judgment because all proceedings in the Maryland Circuit Court subsequent to the September 22, 2016 dismissal of their action were void. Appellants assert that the judgment was void because, after they "murdered" Ms. Sutton, the Varones conducted "an ongoing fraudulent scheme" in conspiracy with the trial judge and other government actors to deprive Perlmutter of her rightful inheritance from her mother. Appellants' Brief at 25. Appellants further claim that they were denied due process of law and that personal jurisdiction was improper in Maryland as a result of this fraudulent scheme. With respect to the dismissal of their complaint against Appellees under Rule 233.1, Appellants contend that they were not provided adequate notice, dismissal was improper under the rule as counterclaims are specifically exempted from the rule's application, and that dismissal violated their right to access of the courts under the Pennsylvania Constitution.

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the Honorable Denise M. Bowman, we conclude that Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of Appellants' appellate issues. **See** Trial Court Opinion, 2/24/22, at 18-37 (explaining that petition to strike was properly denied as Appellants fully litigated jurisdictional and due

process claims in the Maryland Circuit Court proceeding and they did not meet burden of showing any irregularity in the prior case; claim of "judicial admissions" of fraud was waived because no actual admissions identified; petition to open was properly denied as courts may not reach any potentially meritorious defenses under full faith and credit clause and, in any event, petition was untimely because it was filed eight months after transfer of judgment; dismissal of Appellants' claims was appropriate under Rule 233.1 as their allegations mirrored those raised in the Maryland proceedings; Appellants are not rescued by Rule 233.1's exception for counterclaims because Appellees only transferred a judgment to Pennsylvania and did not assert any substantive claims against Appellants as to which a counterclaim would be appropriate; notwithstanding Appellants' vague claims that their constitutional rights were violated by dismissal, Rule 233.1 has been held to be constitutional by Pennsylvania courts).

Accordingly, we conclude that the trial court did not abuse its discretion or commit legal error in dismissing Appellants' petition to open/strike the transferred foreign judgment, dismissing Appellants' complaint, and barring Appellants from asserting similar *pro se* claims without leave of court pursuant to Rule 233.1. We therefore affirm on the basis of the trial court opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/23/2022</u>