J-A28019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CONTINENTAL MACHINERY COMPANY, INC. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT H. KORN | : | |
| | : | No. 1490 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered May 10, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-17235

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED MARCH 15, 2023**

Scott H. Korn appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying his motion to vacate a foreign judgment. After careful review, we affirm.

The trial court summarized the factual and procedural history as follows:

[Korn] is the President and Chairman of the Board of Directors of Bengal Paper and Converting, a Pennsylvania corporation, which has its principal place of business in Linfield, Montgomery County, Pennsylvania. On November 1, 2016, Bengal [Paper and Converting] entered into a Service Agreement with [Continental Machinery Company, Inc. (Continental)] for remediation work performed at the facilities in Linfield. The parties to the Service Agreement were [Korn,] Continental[,] and Bengal Paper and Converting.

As part of the Service Agreement, the parties agreed that the laws of the State of Texas would control, and that venue would be "Dallas County Courthouse, Dallas, Texas." [Service Agreement, 11/16/16, at 1.] Korn signed the Service Agreement as Chairman of Bengal Paper and Converting, although he "did not read the

[Service] Agreement carefully before he signed it because . . . he wanted the work to begin immediately."

Continental was not paid for the work it performed pursuant to the Service Agreement. Continental initially filed, then withdrew, a writ of summons in Montgomery County, Pennsylvania[,] against Korn individually[,] and Bengal Converting[,] LLC. Continental then filed a similar suit in Dallas County, Texas[,] seeking to recover $346,155.39 plus interest. Thereafter, Korn removed the case to the United States District Court, Northern District of Texas, Dallas Division[,] on the basis of diversity jurisdiction.

After removal to federal court, Korn filed three [m]otions to [d]ismiss alleging insufficient service of process, lack of personal jurisdiction[,] and failure to state a cause of action. He also filed a [m]otion to [t]ransfer [v]enue. The [m]otions were referred to the United States Magistrate Judge for findings and recommendations.

Korn argued through counsel that although he signed the Service Agreement as the Chairman of Bengal Paper and Converting, [which was] a fictitious company name, he was "acting in a representative capacity for the true principal[]. Thus[,] he contend[ed] that he cannot be sued in his individual capacity for violation of the Service Agreement." Additionally, Korn sought a *forum non conveniens* transfer of the matter to Pennsylvania. Continental responded that Korn waived his right to remove the case to federal court when he agreed to the Service Agreement's forum selection clause[,] which selected the forum to be Dallas, Texas.

The United States Magistrate Judge first addressed Texas' personal jurisdiction [over] Korn. Finding that Texas' long-arm statute "extends as far as constitutional due process allows," the [c]ourt examined whether Texas' exercise of jurisdiction is consistent with due process under the United States Constitution. Korn argued that the Texas Courts lacked personal jurisdiction because:

   1. Korn signed the Service Agreement as an agent and not in his individual capacity; and,

- 2 -

2. Korn has not had the requisite minimum contacts with the State of Texas necessary to find that the exercise of personal jurisdiction over him would comport with the traditional notions of fair play and substantial justice.

[***Continental Machinery Company, Inc. v. Korn***, Case No. 3:19-CV-769-L, "Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Order Denying Motion to Transfer Venue," 1/16/20, at 9; ***see also Continental Machinery Company, Inc. v. Korn***, Case No. 3:19-CV-769-L, Memorandum Order, 1/31/20, at 1 (adopting Magistrate's Findings, Conclusions and Recommendation, 1/16/20).]

The [Magistrate] determined that Bengal Paper and Converting was **not** registered as a fictitious name, trade name, or legal name with the Pennsylvania Bureau of Corporations, despite the requirement to do so pursuant to the Pennsylvania Fictitious Name Act (54 Pa.C.S.A. § 303(b)(1)). Further, the Magistrate [] determined that[,] pursuant to the choice-of-law provision of the Service Agreement, disputes . . . under the Service Agreement were to be governed by Texas law. Texas law requires that an agent, to avoid personal liability, disclose not only the fact that he is acting in a representative capacity, but also the identity of his true principal. The [Magistrate] determined that Korn failed to disclose that he was acting in a representative capacity for [Bengal Paper and Converting] and that he failed to disclose the identity of the true principal. Thus, the [Magistrate] determined that Korn was personally liable for disputes arising under the Service Agreement.

The [c]ourt also held that Korn "submitted to jurisdiction in Texas under the Service Agreement's forum selection clause." The [c]ourt found Korn did not meet "his substantial burden of rebutting the presumptive validity of the forum selection clause[,]" and by signing the Service Agreement[,] he "consented to jurisdiction in Texas or waived the requirements for personal jurisdiction in Texas." The federal Magistrate [] determined that Texas had personal jurisdiction over Korn.

Trial Court Opinion, 7/18/22, at 1-4 (italics added).

Ultimately, the Magistrate determined that the case was appropriate for remand to the Texas courts. On January 31, 2020, the United States District

Court for the Northern District of Texas, Dallas Division, adopted the Magistrate's findings. *See Continental Machinery Company, Inc., v. Korn*, Case No. 3:19-CV-769-L, Memorandum Order, 1/31/20, at 1. Korn appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit dismissed the appeal and made final the district court's order on January 31, 2020. *Continental Machinery Company, Inc., v. Korn*, Case No. 20-10154, Order Dismissing Appeal, 6/29/20, at 1. The matter was remanded to the 162nd District Court of the State of Texas, Dallas County. On February 12, 2021, a final default judgment was entered against Korn in the amount of $705,319.12, plus attorney fees.

On September 15, 2021, Korn filed a motion for an order vacating the foreign judgment in Montgomery County, Pennsylvania. On October 18, 2021, Continental filed a response. On May 10, 2022, the trial court issued an order denying Korn's motion to vacate the foreign judgment.

Korn filed a timely notice of appeal to this Court, and both Korn and the trial court complied with Pa.R.A.P. 1925. Korn now raises the following claims on appeal:

> [1.] Did the trial court commit an error of law by determining that Texas had personal jurisdiction over [] Korn solely on the basis that a Texas court ruled on the merits, without analyzing whether the Texas court's determination as to personal jurisdiction was correct?
>
> [2.] Did the trial court commit an error of law by denying [] Korn's [m]otion to [v]acate the [f]oreign [j]udgment when the foreign judgment was entered against [] Korn personally, [] Korn undisputedly lacked minimum contacts with Texas, and the

- 4 -

contract giving rise to Texas jurisdiction was signed by [] Korn in a representative capacity only?

[3.] In the event this Court cannot determine that the Texas [j]udgment was rendered in error, did the trial court commit an error of law by ruling on the [m]otion to [v]acate the [f]oreign [j]udgment without developing a factual record as to whether [] Korn consented to personal jurisdiction in Texas?

Brief for Appellant, at 4.

We review the denial of a motion to vacate a foreign judgment for an abuse of discretion or error of law. *Olympus Corp. v. Canady*, 962 A.2d 671, 673-74 (Pa. Super. 2008). The United States Constitution requires that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const. art. IV, § 1. Congress codified the full faith and credit clause by enacting the Full Faith and Credit Act, 28 U.S.C. § 1738 (2014) (enacted June 24, 1948), which provides that judgments "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory[,] or Possession from which they are taken." *Id.*

As explained by the United States Supreme Court,

[t]he very purpose of the full-faith and credit clause was to alter the status of the several states as independent foreign sovereignties, each free to ignore obligations created under the laws or by the judicial proceedings of the others, and to make them integral parts of a single nation throughout which a remedy upon a just obligation might be demanded as of right, irrespective of the state of its origin.

- 5 -

*Milwaukee Cnty. v. M.E. White Co.*, 296 U.S. 268, 276-77 (1935). Thus, the Full Faith and Credit Act mandates that "all courts . . . treat a state court judgment with the same respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996).

"When a judgment of one of the United States is transferred to another state, the full faith and credit clause prevents courts of the transferee state from addressing the merits of the decision that forms the basis of the judgment." *Capstone Cap. Grp., LLC v. Alexander Perry*, *Inc.*, 263 A.3d 1178, 1182 (Pa. Super. 2021). Judgments of our sister states are "entitled to full faith and credit in Pennsylvania so long as there was jurisdiction by the court [that] originally awarded the judgment and the defendant had the opportunity to appear and defend." *Noetzel v. Glasgow, Inc.*, 487 A.2d 1372, 1375 (Pa. Super. 1985) (internal citations omitted).

"A judgment is not valid and enforceable, however, unless the sister state court that entered the judgment had personal jurisdiction over the defendant and afforded him or her due process of law." *Frontier Leasing Corp. v. Shah*, 931 A.2d 676, 679 (Pa. Super. 2007) (citations omitted). "Personal jurisdiction can be established by consent of the parties; when such consent is established, the famous [']minimum contacts['] framework developed by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), is inapplicable." *Frontier Leasing*, 931 A.2d at 680.

Predictably, all three of Korn's claims address personal jurisdiction, the crux of this matter. Consequently, we address all of them together. Korn contends that the trial court erred in "simply deferring to the ruling of the Texas Federal Court." Brief for Appellant, at 21. In particular, Korn argues that the Texas judgment must be vacated because Texas lacked personal jurisdiction over him because Korn signed the Agreement in a purely representative capacity. *See id.* at 22-28. Additionally, Korn asserts that the "incorrect entity" listed in the Agreement has no bearing on the jurisdictional analysis. *Id.* at 28-31. Further, Korn argues that the trial court erred by not engaging in fact-finding prior to denying his motion to vacate the foreign judgment. *Id.* at 32. Korn essentially contends that, under Pennsylvania law, our trial courts are required to revisit the issue of personal jurisdiction in every case where a prevailing party seeks to enforce a foreign judgment. We disagree.

In addressing these claims, the trial court stated:

In his [m]otion for an [o]rder to [v]acate the [f]oreign [j]udgment, Korn did not allege any irregularities in the proceeding before the federal court or upon remand to the 162nd Judicial District, Dallas County, Texas. Rather, he argued that the domesticated Texas judgment should be vacated because the Texas state court lacked personal jurisdiction over him. The procedural history of the case demonstrates that Korn's due process rights were not violated and that the determination of the issue of Texas' personal jurisdiction was made on the merits. Upon remand to the Texas state court, a [f]inal [j]udgment was entered in the matter. No irregularities of either proceeding were alleged and[,] therefore, this [c]ourt must give full faith and credit to the Texas judgment.

As previously noted, Korn removed the underlying matter to federal court[,] where he was represented by counsel[,] and presented his arguments as to Texas'[s] lack of personal jurisdiction to the United States Magistrate Judge in the Northern District of Texas. The Magistrate Judge considered Korn's arguments and evidence (and those of Continental regarding the appropriateness of personal jurisdiction), and recommended to the U[.]S[.] District Court that Texas had personal jurisdiction over Korn pursuant to Texas'[s] long-arm statute where[:] (1) Korn failed to disclose that he was acting in a representative capacity for [Bengal Paper and Converting], an unregistered fictitious name[;] and (2) where he failed to disclose the identity of the true principal. Korn failed to perfect his appeal before the United States Fifth Circuit regarding the District Court's adoption of the Magistrate Judge's recommendations, rendering the January 31, 2020 [o]rder a final order.

Korn had a full and fair opportunity to litigate the issue of personal jurisdiction in Texas before the Magistrate Judge, and later had the opportunity to appeal adoption of the recommendations by the U[.]S[.] District Court to the United States Fifth Circuit Court of Appeals. Korn's appeal was abandoned, and the determination of personal jurisdiction and the ensuing remand to the Texas state court [became] final.

On remand, the 162nd District Court of the State of Texas, Dallas County, entered a final judgment against Korn. Thereafter, Continental domesticated the judgment on August 16, 2021, in Montgomery County, Pennsylvania.

Korn has failed to meet his burden challenging the judgment. His claimed error [] that Texas did not have personal jurisdiction over him was decided against him by the federal courts. The matter was fully litigated and Korn's due process rights were protected.

Trial Court Opinion, 7/18/22, at 8-10.

After review, we agree with the sound reasoning of the trial court as set forth above and affirm on that basis. *See id.* Moreover, we note that it has been long settled in this country that, as Korn did here, an individual can consent to personal jurisdiction in another state. *See Frontier Leasing*,

*supra* (compiling cases). It is clear that Korn has already litigated the issue of personal jurisdiction and that his claim was found to be meritless. ***See Continental Machinery Company, Inc., v. Korn***, Case No. 3:19-CV-769-L, Memorandum Order, 1/31/20, at 1. Accordingly, we discern no abuse of discretion or error of law, and we affirm the trial court's order denying Korn's motion to vacate the foreign judgment. ***Olympus Corp.***, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2023