J-A25025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT COWAN AND BENCHMARK VENTURES | : | No. 332 EDA 2024 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered December 22, 2023
In the Court of Common Pleas of Wayne County Civil Division at No(s):
253-JUDG-2023

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 22, 2025**

Appellants Robert Cowan and Benchmark Ventures (collectively, "Appellants")[1] appeal from the order entered by the Wayne County Court of Common Pleas on December 22, 2023, denying their petition to open a default judgment entered against them in New York.  After careful review, we affirm.

**A.**

A detailed factual history is unnecessary to our disposition.  The procedural history is as follows.  Commonwealth Land Title Insurance Company filed a complaint in Kings County, New York, and on July 20, 2015, the Supreme Court of Kings County entered a default judgment against

_____

[1] Appellant Cowan passed away during the pendency of this appeal, and thus, his estate is an appellant.  Additionally, Appellee is now GSFNT Recovery Fund, LLC, assignee of Commonwealth Land Title Insurance Company's successor in interest.

Appellants ("the New York Judgment") in the amount of $111,295.00. In 2020, Cowan moved to 349 Steiner Road in Wayne County, Pennsylvania. On June 2, 2023, Appellee recorded the New York Judgment with the prothonotary's office in Wayne County and obtained a writ of execution for Appellant Cowen's property at 349 Steiner Road.

On September 20, 2023, Appellants filed a petition in the Wayne County Court of Common Pleas to open the New York Judgment ("Petition to Open"). The Petition to Open challenged the New York Judgment on two grounds: (1) Appellee did not serve Appellants with the underlying complaint and (2) the Kings County court lacked personal jurisdiction over Appellant Cowan because he lived in Colorado and "did not transact any business or commit a tortious act in New York[.]" Proposed Preliminary Objections, 9/20/23, at ¶¶ 1-5. Appellee filed an Answer and included the Affidavit of Service indicating that a process server served Appellant Cowan at 349 Steiner Road on May 14, 2013.

The court held a hearing on the Petition to Open on December 21, 2023. Relevantly, Appellant Cowan testified that, in May 2013, his mother lived at 349 Steiner Road, but he lived in Colorado and was possibly traveling for work on the date of the process server's Affidavit of Service. He stated that he was "absolutely sure" he was not served on May 14, 2013, despite having "past and present memory loss." N.T. Hr'g, 12/21/23, at 16-17. The court did not find his testimony credible and denied the Petition to Open.

This timely appeal followed. Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following issues for our review:

1. Whether the default judgment entered against the Appellants violated Pennsylvania Rules of Civil Procedure and is therefore void?

2. Whether the trial court erred and abused its discretion by denying Appellants' petition to open the judgment entered by default?

3. Did the trial court abuse its discretion or commit an error of law where it appears from a review of the record that there is no evidence to support the [c]ourt's findings?

4. Did the trial court err in denying the Petition to Open the default judgment and failing to consider all three criteria for opening a default where numerous meritorious defenses to the allegations were contained in the Appellants' proposed Preliminary Objections to the Appellee's Complaint, where the Appellants provided a reasonable explanation for failing to file a timely responsive pleading, and when the Appellants, through new counsel, promptly filed a petition to open default?

5. Where the Appellants' Petition to [O]pen possessed a reasonable explanation or legitimate excuse for their default, did the trial court abuse its discretion in failing to give weight to the Appellants' meritorious defenses to the Complaint?

Appellant's Br. at 5-6.[2]

_____

[2] Appellant raises a sixth claim: "[d]id the trial court err in denying the Petition to Open the default judgment by failing to consider the equities of the matter, the prejudice to the Appellants if the petition to open was denied and whether the Appellee would suffer any prejudice if the petition to open default was granted?" Appellant's Br. at 6. However, he failed to raise this claim in his Rule 1925(b) Statement and thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement ... are waived.").

\*

We begin by noting that it was the trial court in New York, and not the one in Pennsylvania, that entered the default judgment. Appellants, however, chose to challenge the entry of the default judgment in Pennsylvania, and not New York, and argue that the trial court erred in not applying the Pennsylvania Rules of Civil Procedure ("Pa.R.Civ.P.") to its Petition to Open. Appellants' Br. at 11-24. Specifically, Appellants maintain that entry of a default judgment was improper because Appellee failed to serve Appellant Cowan with the complaint or the 10-day notice of default as required by Pa.R.Civ.P. 237, 237.1, and 237.5,[3] and that the lower court lacked personal jurisdiction over them due to the lack of both service and minimum contacts. *Id.* at 14-15. Appellants also assert that the court rejected "without basis" their "unrebutted" pleadings, which indicated that Appellant Cowan was not served. *Id.* at 17.

The trial court, however, denied the Petition to Open because it had no jurisdiction to open a default judgment entered in the New York court. Trial Ct. Op., 2/20/24, at 2. Rather, the court concluded that Appellants were limited in Pennsylvania to challenging the enforcement of the New York Judgment by filing a Petition to Vacate the Foreign Judgment pursuant to the

---

[3] Rules 237, 237.1 and 237.5 describe, *inter alia*, notice requirements for the entry of a default judgment in Pennsylvania.

Pennsylvania pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA").[4]

The UEFJA facilitates the transfer of money judgments from one state's courts to another. A foreign judgment, however, may not be attacked on its merits. It is only the state court that entered the foreign default judgment that has jurisdiction to open it. ***Greate Bay Hotel & Casino, Inc. v. Saltzman***, 609 A.2d 817, 818 (Pa. Super. 1992).

In this case, the trial court denied the Petition to Open because only a New York court has the authority to open the default judgment. We agree. The trial court in Pennsylvania lacks the authority to consider the grounds for the entry of the default judgment in another state.

_____

[4] The UEFJA provides, in relevant part:

> (b) Filing and status of foreign judgments.—A copy of any foreign judgment . . . .may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

> * * *

> (f) Definition.—As used in this section "foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth.

42 Pa.C.S. § 4306.

Furthermore, the proper remedy for challenging the enforcement of the judgment based on the foreign court's lack of jurisdiction in the underlying action is a Petition to Vacate the Foreign Judgment, because the Pennsylvania court cannot "proceed further in an action against a defendant over whom personal jurisdiction had not been obtained." *Commonwealth Capital Funding, Inc. v. Franklin Square Hosp.*, 620 A.2d 1154, 1156 n.2 (Pa. Super. 1993). "In order for our courts to recognize the [foreign] judgment as valid and enforceable, the sister state must have had proper jurisdiction over the defendant and afforded him or her due process of law." *Id.* at 1156. In other words,

> the doctrine of full faith and credit precludes retrial in the Pennsylvania courts of the validity of the judgment of a sister state affecting Pennsylvania residents except for the limited purpose of determining whether the transferor court had jurisdiction to enter the judgment and whether the judgment was obtained without derogating the judgment debtor's due process rights.

*Capstone Capital Group, LLC v. Alexander Perry, Inc.*, 263 A.3d 1178, 1183 (Pa. Super. 2021) (citation omitted). The party challenging the validity of the foreign judgment must "show an 'irregularity' in the foreign proceeding that would preclude a Pennsylvania court from giving full faith and credit to the transferred judgment." *Id.* (citation omitted).

In this case, the trial court determined that Appellants did not present either (1) any evidence to refute that Appellant Cowan was personally served in Pennsylvania with the complaint, or (2) any legal authority to establish that New York's long arm jurisdiction statute is inapplicable to the underlying

action, in order to establish that the New York court lacked jurisdiction over him.[5] *Id.* at 2-3.

We agree. The trial court did not find credible Appellant Cowan's testimony that he was not served with the complaint and found Appellee's Affidavit of Service persuasive. Since we are bound by the trial court's credibility and weight determination, we must accept the trial court's finding that Appellee properly served Appellants. Thus, Appellants are not entitled to relief, and the trial court properly denied the Petition to Open.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/22/2025

---

[5] In their brief, Appellants failed to challenge the applicability of New York's long-arm jurisdiction statute—the basis for jurisdiction set forth in the complaint—beyond a bald assertion that Appellants did not conduct any business or commit any torts in New York. Appellants' Br. at 8. Additionally, although Appellants maintain that the New York court lacked jurisdiction to enter the Default Judgment because Appellant Cowan was not served with the complaint, the only evidence that Appellant Cowan was not served was his own testimony, which the trial court discredited. *Id.* We will not re-weigh the trial court's credibility determinations.