J-A17034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAWN PERLMUTTER AND THOMAS BOLICK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2440 EDA 2021 |
| SUTTON INVESTMENTS, LLC AND TRINA AND JEFFREY VARONE, H/W AND UNITED STATES OF AMERICA WILLIAM BARR ATTORNEY GENERAL U.S. DEPARTMENT OF JUSTICE | : | |

Appeal from the Order Entered October 28, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2020-01609

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 23, 2022**

Appellants, Dawn Perlmutter and Thomas Bolick, appeal, *pro se*, from the order (i) granting the motion of Appellees, Trina Varone, Jefferey Varone, and Sutton Investments, LLC, to dismiss Appellants' petition to open/strike a transferred Maryland judgment; (ii) granting Appellees' motion to dismiss Appellants' complaint; and (iii) barring Appellants from pursuing any further *pro se* litigation against Appellees raising similar claims without leave of court pursuant to Pennsylvania Rule of Civil Procedure 233.1.  We affirm on the basis of the trial court opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

We briefly recount the procedural and factual background in this case that is set forth in great depth in the trial court opinion. *See* Trial Court Opinion, 2/24/22, at 2-16. Ms. Perlmutter and Mrs. Varone are sisters; in 2010, their mother, Joan Sutton, died. Mrs. Varone was named as one of the personal representatives of her mother's estate, which was administered in Maryland. Ms. Perlmutter and Mr. Bolick[1] filed a petition to remove Mrs. Varone as personal representative. On January 29, 2014, the orphans' court of Montgomery County, Maryland granted Mrs. Varone's motion to strike the petition for removal; the order provided that any further filings that are deemed bad faith proceedings would be subject to costs and sanctions.

In 2016, Appellants filed an action in the Circuit Court of Montgomery County, Maryland, asserting that the Varones and the other personal representative of Ms. Sutton's estate defrauded Ms. Perlmutter out of her inheritance from her mother's estate. On September 22, 2016, the Maryland Circuit Court granted the defendants' motion to dismiss, awarded $12,611.50 in attorneys' fees, prohibited Appellants from any more filings without leave of the court, and provided that any further filing without leave would result in a finding of contempt of court. Appellants appealed, and the Maryland Court of Special Appeals affirmed the lower court's order and also directed that the costs of the appeal be borne by Appellants. The defendants then filed a motion

_____

[1] As the trial court explained, "Mr. Bolick is a family friend and business associate of Ms. Perlmutter to whom she has assigned a percentage of her 'inheritance rights.'" Trial Court Opinion, 2/24/22, at 2 n.2.

for conformance with the mandate of the appellate court regarding the award of costs of the appeal, and on September 12, 2018, the Maryland Circuit Court entered judgment against Appellants, jointly and severally, in the amount of $1,980.00, plus post-judgment interest.

On March 9, 2020, the Varones filed a praecipe in the trial court to transfer the September 12, 2018 Maryland Circuit Court judgment in the amount of $1,980.00.[2]  On April 1, 2020, Appellants filed a "Verified Counter-Claim Complaint" naming Appellees as defendants and asserting a claim for declaratory relief and claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The allegations in the complaint generally related to Appellants' contention that the Varones defrauded Ms. Perlmutter out of her share of Ms. Sutton's estate.  Appellants later filed an amended complaint based on similar allegations and adding the United States as a defendant.

On November 24, 2020, Appellants filed a "Motion/Petition to Open/Strike and Second Amended Verified Counter-Claim Complaint."  In this filing, Appellants requested that the trial court strike or open all judgments obtained by the Varones in the Maryland Circuit Court as those judgments

_____

[2] According to the trial court, the Varones also concurrently transferred the $12,611.50 attorneys' fee judgment from the Maryland Circuit Court, as well as an $8,927.40 judgment entered against Appellants in a District of Columbia action.  Trial Court Opinion, 2/24/22, at 4.  These other two judgments were docketed separately and, although Appellants requested consolidation of these other transferred judgments in their pleadings, they never filed a motion to consolidate.  *Id.* at 4, 5 n.4, 6 n.5.  Therefore, this appeal solely relates to the $1,980.00 transferred judgment.

were obtained through fraud and by denial of due process for Appellants. Appellees filed a motion to dismiss the "Motion/Petition to Open/Strike and Second Amended Verified Counter-Claim Complaint" pursuant to Rule 233.1.

After holding two hearings, the trial court entered an order on October 28, 2021 granting Appellees' motion to dismiss, denying Appellants' request to open or strike the transferred judgment, and dismissing their 'counterclaims' against Appellees. In addition, the trial court's order provided that, pursuant to the court's authority under Rule 233.1, Appellants are barred from bringing additional *pro se* litigation against Appellees on the same issues raised in the current matter without obtaining leave of the court. Appellants filed a motion for reconsideration of the order, but prior to the trial court ruling on the motion, they filed this timely appeal.[3]

Appellants raise the following issues before this Court:

A.    Whether the [trial] court erred by denying [Appellants'] Petition/Motion to Strike [Appellees'] recorded judgment where the record contains judicial admissions showing the judgment to be void ab initio?

B.  Whether the [trial] court erred and abused [its] discretion by not opening the judgment?

C.   Whether the trial court erred and abused [its] discretion in granting [Appellees'] Motion to Dismiss brought pursuant to Rule 233.1 without notice thereby denying [Appellants'] due process of law?

---

[3] Appellants filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on December 9, 2021. The trial court filed its Pa.R.A.P. 1925(a) opinion on February 24, 2022.

Appellants' Brief at 11 (unnecessary capitalization omitted).

Our standard of review from the denial of a petition to open or strike a foreign judgment is limited to whether the trial court manifestly abused its discretion or committed an error of law. ***Olympus Corp. v. Canady***, 962 A.2d 671, 673 (Pa. Super. 2008).

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

***Capstone Capital Group, LLC v. Alexander Perry, Inc.***, 263 A.3d 1178, 1181 (Pa. Super. 2021) (citation omitted). A petition to strike a judgment operates as a demurrer to the record and may only be granted based upon a fatal defect or irregularity appearing on the face of the record. ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 284 (Pa. Super. 2019). Such a petition does not entitle a court to review the merits of the allegations; rather the petition to strike is directed towards defects that affect the validity of the judgment and entitle the petitioner to relief as a matter of law. ***Id.*** at 285.

Under the full faith and credit clause of the United States Constitution, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." ***Capstone***, 263 A.3d at 1182 (citation omitted); ***see*** U.S. Const. art. IV, § 1. The full faith and credit clause

has been codified in this Commonwealth through the adoption of the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* 42 Pa.C.S. § 4306.

Pursuant to the full faith and credit clause and UEFJA, a Pennsylvania court as to which the foreign judgment is transferred may not revisit the merits of the underlying litigation resolved in the foreign state and instead the foreign judgment may only be challenged on the basis that "the sister state must have had proper jurisdiction over the defendant and afforded him or her due process of law." *Capstone*, 263 A.3d at 1183 (citation omitted). The party challenging the validity of the foreign judgment bears the burden of demonstrating the procedural or jurisdictional irregularity in the foreign proceeding. *Id.*

Under Rule 233.1, a defendant in a pro se action may file a motion to dismiss on the basis that the plaintiff is alleging the same or related claims brought by the plaintiff in an earlier action against the defendant and those claims were settled or resolved by the court in the earlier action. Pa.R.Civ.P. 233.1(a). When a trial court grants a motion to dismiss pursuant to the rule, "the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." Pa.R.Civ.P. 233.1(c). However, the *pro se* plaintiff is not then barred from asserting counterclaims "in litigation that the *pro se* plaintiff did not institute." Pa.R.Civ.P. 233.1(d), Note. We review the trial court's grant of a motion to dismiss under Rule 233.1 under an abuse of discretion standard, although to the extent our review involves the

interpretation of the Rules of Civil Procedure, our standard of review is *de novo*. ***Gray v. PennyMac Corp.***, 202 A.3d 712, 715 (Pa. Super. 2019).

Appellants argue that the trial court erred by not striking or opening the transferred September 12, 2018 judgment because all proceedings in the Maryland Circuit Court subsequent to the September 22, 2016 dismissal of their action were void. Appellants assert that the judgment was void because, after they "murdered" Ms. Sutton, the Varones conducted "an ongoing fraudulent scheme" in conspiracy with the trial judge and other government actors to deprive Perlmutter of her rightful inheritance from her mother. Appellants' Brief at 25. Appellants further claim that they were denied due process of law and that personal jurisdiction was improper in Maryland as a result of this fraudulent scheme. With respect to the dismissal of their complaint against Appellees under Rule 233.1, Appellants contend that they were not provided adequate notice, dismissal was improper under the rule as counterclaims are specifically exempted from the rule's application, and that dismissal violated their right to access of the courts under the Pennsylvania Constitution.

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of the Honorable Denise M. Bowman, we conclude that Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of Appellants' appellate issues. ***See*** Trial Court Opinion, 2/24/22, at 18-37 (explaining that petition to strike was properly denied as Appellants fully litigated jurisdictional and due

process claims in the Maryland Circuit Court proceeding and they did not meet burden of showing any irregularity in the prior case; claim of "judicial admissions" of fraud was waived because no actual admissions identified; petition to open was properly denied as courts may not reach any potentially meritorious defenses under full faith and credit clause and, in any event, petition was untimely because it was filed eight months after transfer of judgment; dismissal of Appellants' claims was appropriate under Rule 233.1 as their allegations mirrored those raised in the Maryland proceedings; Appellants are not rescued by Rule 233.1's exception for counterclaims because Appellees only transferred a judgment to Pennsylvania and did not assert any substantive claims against Appellants as to which a counterclaim would be appropriate; notwithstanding Appellants' vague claims that their constitutional rights were violated by dismissal, Rule 233.1 has been held to be constitutional by Pennsylvania courts).

Accordingly, we conclude that the trial court did not abuse its discretion or commit legal error in dismissing Appellants' petition to open/strike the transferred foreign judgment, dismissing Appellants' complaint, and barring Appellants from asserting similar *pro se* claims without leave of court pursuant to Rule 233.1. We therefore affirm on the basis of the trial court opinion. The parties are instructed to attach the opinion of the trial court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

| | | |
|---|---|---|
| **DAWN PERLMUTTER and** | : | |
| **THOMAS BOLICK** | : | |
| | : | |
| | :**No. 2020-01609** | |
| **v.** | : | |
| | : | |
| **JEFFREY VARONE and TRINA** | : | |
| **VARONE, H/W, SUTTON** | :**Superior Court Docket No.: 2440 EDA 2021** |
| **INVESTMENTS, LLC, and** | : | |
| **UNITED STATES OF AMERICA** | : | |

Case #: 2020-01609-0079    13046745
Main (Public)
Code: 5214      Judge:42
Rcpt: S2589153  2/23/2022 11:52:23 AM

## OPINION

### I.    INTRODUCTION:

Appellants, Dawn Perlmutter ("Ms. Perlmutter") and Thomas Bolick ("Mr. Bolick") (collectively, "Appellants"), have appealed this Court's Order docketed October 28, 2021 ("October 28, 2021 Order"). By virtue of the October 28, 2021 Order, this Court granted a motion filed by Appellees, Jeffrey Varone ("Mr. Varone"), Trina Varone ("Mrs. Varone"), and Sutton Investments, LLC ("Sutton Investments, LLC") (collectively, "Appellees"), seeking dismissal of Appellants' motion to strike/open a $1,980.00 judgment and the various substantive claims asserted by Appellants against Appellees in this action. Additionally, and pursuant to Rule 233.1, the Court barred Appellants from pursuing further *pro se* litigation against the Appellees relating to the same or similar claims without first obtaining leave of Court. The undersigned submits this Opinion in support of its October 28, 2021 Order. For the reasons set forth below, this appeal should be **DENIED** and the Court's decision **AFFIRMED**.

## II. PROCEDURAL BACKGROUND AND RELEVANT FACTUAL BACKGROUND:[1]

### A. The Maryland Actions

#### 1. *The Maryland Orphans' Court Action*

This action has its roots in litigation between the parties in the Orphans' Court of Montgomery County, Maryland ("Maryland Orphans' Court") regarding the Estate of Joan Sutton ("Sutton Estate Action"). The decedent in that action, Joan Sutton ("Ms. Sutton"), was the mother of Ms. Perlmutter and Mrs. Varone.[2]

The Sutton Estate Action was commenced in 2010. Mrs. Varone was named as one of the personal representatives. Her sister, Ms. Perlmutter, was not. Ms. Perlmutter filed a petition to remove Mrs. Varone as a personal representative, which was unsuccessful. Ms. Perlmutter and Mr. Bolick also filed various other pleadings, petitions, and motions in the Sutton Estate Action, including, but not limited to, exceptions to the First and Final Accounting and a Complaint for Declaratory Relief. Ultimately, however, the Maryland Orphans' Court denied Appellants the relief sought by them. And, on January 29, 2014, the Maryland Orphans' Court entered an Order directing that any further filings which that court deemed to be "bad faith proceedings" would subject them to costs and sanctions. *See* Exhibit A, attached hereto.

#### 2. *The Maryland Civil Action*

On June 22, 2016, and dissatisfied with the outcome of the Sutton Estate Action, Appellants commenced a civil action in the Circuit Court of Montgomery County, Maryland ("Maryland

---

[1] The undersigned warns that the following recitation is lengthy and very detailed. However, in light of the issues raised on appeal, this background information is necessary for the Court's analysis.

[2] Mr. Varone is the husband of Mrs. Varone and the brother-in-law of Ms. Perlmutter. According to Appellants, Mr. Bolick is a family friend and business associate of Ms. Perlmutter to whom she has assigned a percentage of her "inheritance rights."

Circuit Court") by filing a Complaint against Mrs. Varone, Mr. Varone, and others, essentially complaining that the defendants stole Ms. Perlmutter's inheritance through fraud ("Maryland Civil Action"). Mr. Varone and Mrs. Varone filed a motion to dismiss and for sanctions. By Order dated September 20, 2016 (and docketed September 22, 2016), the Honorable Gary E. Bair granted that motion and dismissed the complaint filed in that action ("September 22, 2016 Order"). *See* Exhibit B, attached hereto. In addition to dismissing the claims, Judge Bair also found Appellants to be "vexatious litigants," and awarded Mr. Varone and Mrs. Varone $12,611.50 in attorney's fees.[3] *See* Exhibit B. Further, Judge Bair directed that should either Ms. Perlmutter or Mr. Bolick file any further motion, petition or proceeding against Mr. Varone or Mrs. Varone, they would be deemed to be in contempt and sanctioned. *See id.*

Ms. Perlmutter and Mr. Bolick took an appeal of that September 22, 2016 Order. The Maryland Court of Special Appeals not only affirmed but also directed that costs on appeal were to be paid by them. Thereafter, Mr. Varone and Mrs. Varone filed a Motion for Entry of Order in Conformance with April 4, 2018 Mandate of Court of Special Appeals and for Entry of Judgment for Costs Awarded on Appeal ("Motion for Entry of Judgment for Costs Awarded on Appeal"). On September 7, 2018, the Honorable Steven G. Salant granted the Motion for Entry of Judgment for Costs Awarded on Appeal and issued an Order directing that judgment in the amount of $1,980.00, plus interest, be entered in favor of Mr. Varone, Mrs. Varone and Sutton Investments, LLC and against Ms. Perlmutter and Mr. Bolick, jointly and severally. The Order was entered on the docket on September 12, 2018 ("September 12, 2018 Order"). *See* Exhibit C, attached hereto.

---

[3] The Maryland Circuit Court thereafter entered judgment in the amount of $12,611.50 on the docket ("$12,611.50 Maryland Judgment").

On that same date, judgment was entered on the docket against Ms. Perlmutter and Mr. Bolick in the amount of $1,980.00, plus post-judgment interest ("$1,980.00 Maryland Judgment").

## B. The Bucks County Action

### 1. *Transfer of the $1,980.00 Maryland Judgment*

On March 9, 2020, Mr. Varone, Mrs. Varone, and Sutton Investments, LLC filed a Praecipe to Enter Transferred Judgment ("Praecipe to Transfer") in the Bucks County Court of Common Pleas seeking to transfer the $1,980.00 Maryland Judgment. Counsel for Appellees attached to that Praecipe to Transfer various documents required to effectively and lawfully transfer the $1,980.00 Maryland Judgment, including the docket entries from the Maryland Civil Action as well as a certified copy of the $1,980.00 Maryland Judgment. Notably, however, Appellees failed to attach the affidavit referenced in 42 Pa.C.S. § 4306(c).

On that same day, Appellees also transferred the $12,611.50 Maryland Judgment to the Court of Common Pleas of Bucks County as well as a judgment in the amount of $8,927.40 entered against the Appellants and in favor of the Appellees in an action filed in the District of Columbia ("District of Columbia Judgment"). Those other two matters are docketed in the Bucks County Court of Common Pleas at 2020-01612 and 2020-01611, respectively.

### 2. *Appellants' Claims Against Appellees*

On April 1, 2020, Appellants filed a 53-page, 185-paragraph "Verified Counterclaim Complaint" ("Complaint"). The Complaint named Mrs. Varone, Mr. Varone, Sutton Investments, LLC, and the United States of America as defendants. In the Complaint, Appellants attempted to state claims against Appellees for: 1) "1983 Fourth Amendment – Unlawful Seizure;" 2) "1983 First Amendment Violation - Retaliation for Exercise of Free Speech;" 3) "Violations of 42 U.S.C. § 1985(3) Conspiracy;" and 4) "Declaratory Relief." *See*

4

Complaint. Appellants sought relief in the form of, *inter alia*, "A FINDING that this court has jurisdiction and that the late Joan Sutton . . . died intestate (without a will)" and "AN ORDER that all money and property stolen by defendants, including SUTTON INVESTMENTS LLC, all proceeds thereof, be impressed with a constructive trust in favor of plaintiffs. Impose a constructive trust." *Id.* at ¶¶ 177, 181.

By virtue of the averments set forth in the Complaint, it is clear that Appellants filed this pleading in an attempt to re-litigate the issues and claims previously litigated to completion in the Sutton Estate Action and in the Maryland Civil Action. For example, Appellants plead in the Complaint as follows, verbatim:

- Fraud Upon the Court: An investigation of the record evidence in the Probate Court of Montgomery County Maryland will disclose that between in or about August 2010 and in or about August 2012, [] *Trina Varone* with the aid of her co-defendants inter alia *defrauded Dawn Perlmutter out of her rightful inheritance* and then conspired with government actors to further harm her when they deprived her and Bolick of property, contract, procedural and substantial due process rights.

- All documents entered an accepted into the Maryland Probate Court by Counter-Defendants Trina Varone were forgeries and otherwise fraudulent. *Trina Varone used the said forgery of a Will and Codicil purporting to be that of Joan Sutton in the Orphans' Court for Montgomery County, Maryland, In the Estate of Joan Sutton of Rockville, Maryland Estate No. W66718, to perpetrate a fraud upon the court . . . .*

*Id.* at ¶¶ 28, 35 (emphasis added).

On June 8, 2020, Appellees filed Defendants' Petition to Strike Plaintiffs' Motion to Consolidate ("Petition to Strike Motion to Consolidate").[4] Then, on June 11, 2020, Appellants filed an Amended Verified Counterclaim Complaint consisting of 238 paragraphs ("Amended

---

[4] Appellants did not file a motion to consolidate in this action; however, in ¶ 6 of the Complaint, Appellants requested the Court to consolidate this case with the others docketed at 2020-01612 and 2020-10611. *See* Complaint at ¶ 6.

Complaint").[5] The Amended Complaint contained the same allegations as the Complaint but also included a count for Fraud. *See* Amended Complaint, Count IV. As with the claims initially pleaded in the Complaint, this Fraud claim also was based upon allegations that Appellees stole Ms. Perlmutter's inheritance, including by presenting a forged Will and Codicil to the Maryland Orphans' Court. For example, in the section of the Amended Complaint relating to Appellants' Fraud claim, Appellants plead as follows, verbatim:

- At all times material, **Defendants** were in violation of Maryland Code CRIMINAL LAW TITLE 7 - THEFT AND RELATED CRIMES Subtitle 1 - Crimes Involving Theft Section 7-104 which prohibits: (a) Unauthorized control over property . . . .

- **Defendants** through scheme, plan and artifice, are keeping stolen property for their own use.

- For the purpose of depriving **Plaintiffs** from their benefit of their property [D]efendants during the course of the litigation in Montgomery County, MD and Washington, DC, had their lawyers submit pleadings to the courts that were known to be fraudulent.

- **Defendants** were on notice from the time of their fraudulent appointment as executor of the Estate of Joan Sutton, deceased, that the assets taken from the estate were stolen.

- **Defendants**, through the receiving and possession of the estate proceeds, property continue to keep the property away from plaintiffs, the proper owners, for defendants' own personal gain.

- **Defendants** knowingly deprived, defrauded and prevented **Plaintiffs** of funds that were due them and continue to possess stolen property.

Amended Complaint at ¶¶ 194-196, 199, 204, 206 (emphasis added). [6]

---

[5] In ¶ 21, Appellants again requested consolidation. At no point, however, did Appellants ever file a formal motion seeking this relief.

[6] The Court notes that although Appellants now take the position that they are not the Plaintiffs in this action, they do refer to themselves as such in the pleading in which they assert substantive claims against Appellees.

In response, on June 24, 2020, Appellees filed Defendants' Petition to Strike Plaintiffs' Motion to Consolidate and Amended Counter-Claim Complaint ("Petition to Dismiss Motion to Consolidate and Amended Complaint"). On July 24, 2020, Appellants filed Dawn Perlmutter and Thomas Bolick Response to Sutton Investments, LLC, Jeffrey and Trina Varones' Petition to Strike Defendants' Motion to Consolidate ("Response to Petition to Strike Motion to Consolidate").

On that same day, Appellants also filed Dawn Perlmutter and Thomas Bolicks' Motion for Judicial Notice ("Motion for Judicial Notice"). In their Motion for Judicial Notice, Appellants requested that the Court take "mandatory judicial notice" of "the attached Exhibits . . . ." Motion for Judicial Notice at 1-2. Appellants failed, however, to actually attach any exhibits to the Motion for Judicial Notice. Additionally, the docket reflects that subsequent to the filing of the Motion for Judicial Notice, Court Administration sent a notice to Appellants advising as follows: "Per the Court, no action will be taken on the motion at this time or in its current format. The request may be made for evidentiary purposes in the context of hearing/argument before the Court." Docket Entry No. 12.

On August 25, 2020, Appellants filed Defendants' Preliminary Objections to Plaintiffs' Amended Counter-claim Complaint ("Preliminary Objections to Amended Counterclaim Complaint") and also Defendants, Trina and Jeffrey Varone and Sutton Investments, LLC, Answer to Plaintiffs' Motion for Judicial Notice ("Answer to Motion for Judicial Notice"). On September 4, 2020, Appellants filed Plaintiff Dawn Perlmutter and Thomas Bolicks' Response and New Matter and Objections to Defendant Jeffrey and Tina Varones' Out of Time Preliminary Objections Dated August 25, 2020 Directed to Counter-Plaintiffs Amended Counter-

7

Claim ("Plaintiffs' Response to Defendants' Preliminary Objections to Plaintiffs' Amended Counterclaim Complaint").

On September 14, 2020, and notwithstanding that the pleadings in this matter remained open, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolicks' Brief in Support of Their Motion for Summary Judgment ("Brief in Support of Plaintiffs' Motion for Summary Judgment"). Appellants did not file a separate Motion for Summary Judgment. Also, at no point in time did Appellants file a 208.3(b) Praecipe to move the matter forward for disposition. *See* Pa. R.C.P. No. 208.3(b); B.C.R.C.P. No. 208.3(b).

On September 18, 2020, Appellees filed Defendants' Brief in Support of Defendants' Petition to Strike Plaintiffs' Motion to Consolidate and Amended Counter-Claim Complaint as well as a 208.3(b) Praecipe seeking disposition of "Motion to Strike Plaintiffs' Motion to Consolidate and Amended Counter-claim Complaint." On September 24, 2020, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolicks' Brief in Response to Defendants' Petition to Strike Plaintiffs' Motion to Consolidate and Amended Counter-Claim Complaint.

On November 16, 2020, this Court entered an Order denying Appellants' request for consolidation and dismissing the Amended Complaint in its entirety. Then, on November 24, 2020, *more than eight months after the judgment at issue was transferred to Pennsylvania,* Plaintiffs filed Perlmutter and Bolicks' Motion/Petition to Open/Strike Judgment and Second Amended Verified Counter-Claim Complaint ("Plaintiffs' Petition to Open/Strike and Second Amended Complaint," also sometimes referred to as "Second Amended Complaint"). By virtue of this filing, Appellants requested the Court to "enter an Order granting their Petition *and vacate/strike the purported judgment transferred (registered) from the circuit court of Maryland*

8

*dated September 22, 2016 by Judge Gary E. Bair.*" Plaintiffs' Petition to Open/Strike and Second

Amended Complaint at ¶ 38 (emphasis added). [7]

In support of their request for relief, Appellants plead, in part, as follows (verbatim):

- Trina and Jeffrey Varone fraudulently obtained the purported judgment they resister [sic] and act[ed] upon in the instant action unlawfully.

- All judgments based upon the purported order entered by Judge Bair are void.

- Further, Trina and Jeffrey Varone have not complied with the technical filing requirements of the Enforcement Act. The Enforcement Act requires that any judgment filed be accompanied by an affidavit attesting, inter alia, that the foreign judgment "is valid, enforceable, and unsatisfied . . . ."[8]

- Jeffrey and Trina Varone brought the instant action as part of their planning, conducting carrying out an ongoing fraudulent scheme to retaliate against, and obstruct Perlmutter and Bolick, rightful owners of property including SUTTON INVESTMENTS LLC stolen by Jeffrey and Trina Varone . . . .

- Trina and Jeffrey Varone purport a void judgment procured by lack of subject-matter jurisdiction (due process violation), fraud upon the court, thus vulnerable to defense and attack herein . . . .

- All judgments purported by Jeffrey and Trina Varone are based upon the Montgomery County Maryland: in the Orphans' Court for Montgomery County, Maryland, In the Estate of: Joan Sutton of Rockville, Maryland Estate No. W66718 which fraudsters, Jeffrey and Trina Varone purported, sworn through their attorneys to hold a valid final judgment when they do not as the records shows the case was closed for fraud and no final judgment was ever obtained . . . .

- All of the Jeffrey and Trina Varone purported judgments are based upon the September 22, 2016 order/judgment by Judge Bair who deprived Perlmutter and Bolick of due process of law when he intentionally conspired, participated and knowingly acted in furtherance of preconceived plan and scheme to corruptly use

---

[7] Notably, this is *not* the same judgment which is the subject of the within action. The only judgment which is the subject of *this* action is that for $1,980.00 for costs on appeal which was entered on the docket *after* the Maryland appellate court had affirmed the September 22, 2016 Order of Judge Bair dismissing the claims against Appellees. Appellants' theory, however, is that the September 22, 2016 Order is void, and, therefore, $1,80.00 Maryland Judgment also is void because it is based upon the September 22, 2016 Order.

[8] As discussed below, Appellants later expressly waived this defect on the face of the record. *See* p. 14, *supra*; Exhibit E.

political influence to cheat, defraud, deny Dawn Perlmutter and Thomas Bolick access to a fundamentally fair court. To wit: Judge Bair adopted the false narrative put forward by attorneys for Jeffrey and Trina Varone who directed their attorney to intentionally perpetrate a "fraud upon the court" . . . .

- All judgments based upon the purported order by Judge Bair are void. Further, Judge Bair based his judgment on the Estate No. W66718 judgment which is void thus also making his judgment void . . . .

*Id.* at ¶¶ 5, 8, 13, 15, 18-21.

In addition, by virtue of this filing, Appellants continued to assert the same five substantive claims against Appellees and sought the following relief with respect thereto: [9]

- A FINDING that this court has jurisdiction and that the late Joan Sutton (See ¶¶ 33-38) died intestate (without a will).

- Judicial Notice: Estate No. W66718 In the Orphans' Court for Montgomery County, Maryland for Joan Sutton has been closed for fraud without a final judgment in favor of Trina Varone per PRCP 201.

- A FINDING that Counter-Defendants Trina and Jeffrey Varone, corruptly conspired with others acted without authority to seize and distribute the personal property of Joan Sutton and Counter-Plaintiff Dawn Perlmutter without due process in violation of her Fourth and Fourteenth Amendment rights of the Constitution of the United States and then obstructed her right to recover property; appropriate declaratory and other injunctive and/or equitable relief; including that counter-plaintiff Thomas Bolick has standing; that Counter-Plaintiffs Dawn Perlmutter and Thomas Bolick are the only rightful heirs with clean hands.

- An Award against Counter-Defendants, jointly and severally, for **plaintiffs'** along with interest and costs thereon and any other equitable relief to which they entitled.

- AN ORDER that all money and property stolen by **defendants**, including SUTTON INVESTMENTS LLC, all proceeds thereof, be impressed with a constructive trust in favor of plaintiffs. Impose a constructive trust.

- AN ORDER for equitable disgorgement of all said monies, profits, and/or benefits derived by **Defendants'** exploitation and confiscation of properties.

---

[9] Appellants once again often refer to themselves in a pleading as the Plaintiffs and to Appellees as the Defendants.

- AND AWARD against **defendants**, jointly and severally, of exemplary damages of $50,000,000 (fifty-million dollars), for the retaliation for the exercise of constitutionally protected rights that itself a constitutional violation.

- Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial, and all economic losses on all claims allowed by law; Punitive damages on all claims allowed by law and in an amount to be determined at trial.

- Trial by jury on all matters triable.

*Id.* at ¶¶ 265-273 (emphasis added).

On December 1, 2020, the undersigned issued a Rule to Show Cause ("Rule to Show Cause") directing that any response to Plaintiffs' Petition to Open/Strike and Second Amended Complaint be filed by December 28, 2020, and any depositions completed within thirty (30) days thereafter. *See* Exhibit D, attached hereto. The Rule did not reference any other types of discovery nor did the Rule to Show Cause direct any party to appear for a deposition. *See id.*

On December 28, 2020, Appellees filed Defendants' Petition to Dismiss Plaintiffs' Motion to Open/Strike Judgment and Plaintiffs' Second Amended Verified Counter-Claim Complaint ("Motion to Dismiss Petition to Strike/Open and Second Amended Complaint"). In that Motion to Dismiss Petition to Strike/Open and Second Amended Complaint, Appellees argued that Appellants are engaged in vexatious litigation and requested that the Court dismiss Plaintiffs' Petition to Open/Strike and Second Amended Complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1.

On that same date, Appellees also filed Defendants, Trina and Jeffrey Varone and Sutton Investments, LLC's Answer to Perlmutter and Bolick's Motion to Open/Strike Judgment and Second Amended Verified Counter-Claim Complaint ("Defendants' Answer to Plaintiffs' Petition to Open/Strike and Second Amended Complaint"). Appellants responded to

Defendants' Motion to Dismiss Plaintiffs' Petition to Open/Strike Judgment and Plaintiffs' Second Amended Complaint by filing Dawn Perlmutter and Thomas Bolick Response to Defendants' Petition to Dismiss Plaintiffs' Motion/Petition to Open/Strike Judgment and Second Amended Verified Counter-Claim Complaint on January 6, 2021 ("Plaintiffs' Response to Defendants' Motion to Dismiss Petition to Strike/Open and Second Amended Complaint"). The next day, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolick Response to Defendant Jeffrey and Trina Varone, and Sutton Investments, LLC's Answer to Plaintiffs' Motion/Petition to Open/Strike Judgment and Second Amended Verified Counter-Claim Complaint.

On January 11, 2021, Appellees filed Defendants' Motion for Protective Order ("Defendants' Motion for Protective Order").[10] On January 12, 2021, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolick Response in Opposition to Defendant Jeffrey and Trina Varone, and Sutton Investments, LLC's Motion for a Protective Order ("Plaintiffs' Response to Defendants' Motion for Protective Order"). On that same date, Plaintiffs filed a Notice of Taking of Deposition of Trina Varone and Production of Documents scheduling the deposition of Trina Varone for January 25, 2021 ("Notice of Deposition"). The Notice of Deposition included a request that Mrs. Varone produce ten (10) different categories of documents, including, but not limited to, a certified copy of the entire record for the Estate of Sutton Action, ten (10) years of federal and state tax returns, and certified copies of docket entries for matters pending in other jurisdictions. On February 2, 2021, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolick Supplemental Response in Opposition; Motion for Sanctions Against Defendant to Defendant Jeffrey and Trina Varone and Sutton Investments, LLC's Motion to

---

[10] Appellees supplemented this Motion for Protective Order on February 16, 2021.

12

Dismiss (Doc #27) ("Motion for Sanctions"), seeking, *inter alia*, relief in the form of the imposition of sanctions against Appellees for Mrs. Varone's failure to appear at a deposition. On February 22, 2021, Appellants also filed Plaintiffs Dawn Perlmutter and Thomas Bolicks' Motion for Sanctions and for an Order to Compel Discovery ("Motion to Compel and for Sanctions"). On March 15, 2021, Appellees filed Defendants, Jeffrey and Tina Varone and Sutton Investments, LLC's Answer to Perlmutter and Bolick's Motion for Sanctions and for an Order to Compel Discovery. By Order dated May 11, 2021, the Court granted Appellees' Motion for Protective Order. The next day, the Court entered an Order denying Appellants' Motion to Compel and for Sanctions.

Meanwhile, on March 15, 2021, Appellees filed Defendants Jeffrey Varone, Trina Varone and Sutton Investments, LLC's Brief in Support of Defendants' Petition to Dismiss Plaintiffs' Motion to Open/Strike Judgment and Plaintiffs' Second Amended Verified Counter-Claim Complaint. Appellees also filed their 208.3(b) Praecipe. On March 23, 2021, Appellants filed Dawn Perlmutter and Thomas Bolicks' Brief in Response to Defendants' Brief in Support of Defendants' Petition to Dismiss Plaintiffs' Motion to Open/Strike Judgment and Plaintiffs' Second Amended Verified Counter-Claim Complaint.[11]

On June 22, 2021, the Court issued an Order scheduling argument for August 25, 2021 on the limited issue of Appellants' request that the Court strike the $1,980.00 Maryland

---

[11] Also, on March 31, 2021, Appellants filed Preliminary Objections to the Preliminary Objections which had been filed by Appellees to Appellants' Amended Complaint. However, as of that date, Appellants had already filed Plaintiffs' Petition to Strike/Open and Second Amended Complaint thereby mooting any pending preliminary objections. Additionally, Appellants' Preliminary Objections to Appellees' Preliminary Objections were untimely, and also filed after Appellants had already filed their answer to Appellees' Preliminary Objections. For all of those reasons, the Court issued an Order on October 26, 2021, dismissing Appellants' Preliminary Objections and Appellees' Preliminary Objections as moot.

Judgment based upon Appellees' alleged failure to strictly comply with 42 Pa.C.S. § 4306(c). On August 25, 2021, Counsel for Appellees appeared as did Ms. Perlmutter and Mr. Bolick. At the argument, Counsel for Appellees conceded that Appellees had not attached to the Praecipe the affidavit referenced in 42 Pa.C.S. § 4306(c). Counsel for Appellees argued, however, that Ms. Perlmutter and Mr. Bolick had waived the defect. Mr. Bolick and Ms. Perlmutter were provided an opportunity to be heard and did make their presentation to the Court on this issue. The Court then took the matter under advisement. Thereafter, on September 3, 2021, Appellants submitted a signed document, which was filed of record by the Court, pursuant to which Appellants expressly and affirmatively waived this defect in the transfer of the $1,980.00 Maryland Judgment. *See* Exhibit E, attached hereto. Thus, on September 10, 2021, the Court issued an Order directing that the defect had been waived and scheduling a hearing on Appellees' Petition to Dismiss Motion to Strike and/or Open and Second Amended Complaint for October 4, 2021 ("September 10, 2021 Order"). *See* Exhibit F, attached hereto.

On the date of the hearing, Counsel for Appellees appeared as did Ms. Perlmutter and Mr. Bolick. Ms. Perlmutter and Mr. Bolick both were sworn in and provided an opportunity to and did make presentations to the Court.[12] Ms. Perlmutter and Mr. Bolick requested that the Court vacate or strike the $1,980.00 Maryland Judgment on the grounds that it is void. They argued that the $1,980.00 Maryland Judgment is void because 1) Judge Bair lost jurisdiction to enter the judgment when he "acted on fraudulent facts knowingly," and 2) Appellants were denied due

---

[12] Appellants did not call any other witnesses, nor did they raise an objection to the absence of Appellees at the hearing. Additionally, Appellants did not advise that any notice to attend had been served on Counsel for Appellees. Also, Appellants did not request that any documents be admitted into evidence, nor did they request the Court to take judicial notice of any facts or information.

14

process. N.T. 10/4/21, at 4. According to Appellants, this occurred during the pendency of the Maryland Civil Action in connection with a verbal motion *in limine* presented by Counsel for Mr. Varone, Mrs. Varone and Sutton Investments, LLC regarding the claims being asserted by Appellants against Appellees in that action. N.T. 10/4/21, at 5-9. Appellants argued that the Maryland Civil Court lost personal jurisdiction over them and also subject matter jurisdiction over the action when it accepted as true certain facts presented by Counsel for Appellees which facts Appellants contend were fraudulent.[13] N.T. 10/4/21, at 4, 20-21. Appellants conceded that they were provided notice of all proceedings and were presented an opportunity to speak at the hearing at which the motion *in limine* had been made. N.T. 10/4/21, at 13-17. Additionally, Appellants conceded that the Maryland Circuit Court permitted them to present their challenge to the Court's consideration of the "fraudulent facts" including an explanation as to why they believed such facts were fraudulent. N.T. 10/4/21, at 13-18. Further, Appellants conceded that after the claims they asserted in the Maryland Civil Action were dismissed, they raised this issue of fraudulent facts having been presented to the Maryland Circuit Court with the appellate court, but the appellate court still affirmed Judge Bair's decision to dismiss the claims. N.T. 10/4/21, at 9, 17, 20-21.

After Appellants' presentation to the Court on October 4, 2021, Counsel for Appellees made argument. Counsel also sought to move the docket entries from the Office of the Register of Wills in Montgomery County, Maryland for the Sutton Estate Action into evidence.

---

[13] Mr. Bolick represented to the Court that he believed the Maryland Circuit Court accepted the facts being offered by Appellees in the Maryland Civil Action because such facts were offered by an attorney and Appellants were unrepresented. N.T. 10/4/21, at 24.

Appellants had no objection, and the docket entries were marked as Exhibit D-1 and admitted into evidence. *See* Exhibit G, attached hereto. [14]

On October 26, 2021, the undersigned issued an Order granting Appellees' Petition to Dismiss Motion to Strike and/or Open and Second Amended Complaint and denying and dismissing Plaintiffs' Petition to Open/Strike and Second Amended Complaint ("October 26, 2021 Order"). *See* Exhibit H, attached hereto. Additionally, and pursuant to Rule 233.1, the Court barred Appellants from pursuing further *pro se* litigation against the Appellees relating to the same or similar claims without first obtaining leave of Court. *See id.*

Appellants filed a Motion for Reconsideration on October 30, 2021.[15] On November 9, 2021, Appellees filed Defendants, Trina and Jeffrey Varone and Sutton Investments, LLC's Answer to Perlmutter and Bolicks' Motion for Reconsideration of the Order Dated October 26, 2021 ("Answer to Motion for Reconsideration"). On that same date, Defendants also filed Defendants Jeffrey Varone, Trina Varone and Sutton Investments, LLC's Brief in Opposition to Plaintiffs' Motion for Reconsideration of the Order Dated October 26, 2021 ("Defendants' Brief in Opposition to Motion for Reconsideration"). Four days later, Appellants filed Plaintiffs Dawn Perlmutter and Thomas Bolick Response to Defendant Jeffrey and Trina Varone, and Sutton Investments, LLC's Answer to Plaintiffs' Motion for Rensideration [sic] of Order Dated October 26, 2021 ("Reply to Answer to Motion for Reconsideration"). Then, on November 23, 2021, Appellants filed their Notice of Appeal.

---

[14] Exhibit G is a bench copy of Exhibit D-1.

[15] Appellants also served the undersigned with a Motion to Recuse/Disqualify ("Motion to Recuse"). The docket in this action does not reflect the filing of such a motion. It appears, however, that the Motion to Recuse was docketed at 2020-01612. Appellants also had filed a Motion to Recuse/Disqualify the first judge assigned to this case. *See* Docket Entry No. 8.

16

## III. ISSUES RAISED ON APPEAL:

On December 3, 2021, the undersigned issued an Order directing Appellants to file a Concise Statement of Matters Complained of on Appeal. On December 9, 2021, Appellants filed Counter-Plaintiffs Dawn Perlmutter and Thomas Bolicks' Concise Statement of the Matters Complained of on Appeal ("Concise Statement"). *See* Exhibit I, attached hereto. The issues raised in that Concise Statement are set forth below, verbatim:

1. Whether the court erred by denying Perlmutter and Bolicks' Petition/Motion to Strike the Defendants' recorded judgment where the record contains judicial admissions showing the judgment to be void abinitio [sic].

    a) Should the trial court have found the matter was controlled: Romberger v. Romberger, 290 Pa. 454, 129 Atl. 159 (1927) (A void judgment may be stricken at any time, regardless of how the defect is brought to the court's attention. In fact, it is the duty of the court on its own motion to strike off a void judgment.).

2. Whether the trial court erred in granting defendants Motion To Dismiss brought pursuant to Rule 233.1 without NOTICE thereby denying Plaintiff's due process of law.

    a) Did the trial Court err and deny Perlmutter and Bolick due process of law when it granted the Varone, SUTTON INVESTMENTS LLC Motion To Dismiss brought pursuant to Rule 233.1 which has no application to this matter and where there is no case law cited or existing and the Trial Court simply adopted/created a new rulemaking dismissing Perlmutter and Bolicks' Counterclaim in direct contravention of the Pennsylvania Statute because there is an Official Note that: "A pro se party is not barred from raising counterclaims or claims against other parties in litigation that the pro se plaintiff did not institute."

    b) Is the matter controlled by Supreme Court authority: C. v. Wesby, 138 S. Ct. 577, 589 (2018) (the Supreme Court has provided lower courts with the guiding premise that "a legal principle must have a sufficiently clear foundation in then-existing precedent." The rule must be "settled law," which means it is dictated by "controlling authority" or "a robust consensus of cases of persuasive authority." Id. at 589-90.

3. Whether the trial court erred and abused its discretion in not [sic] when it did not take mandatory judicial notice of the record documents presented by motion.

17

4. Did the trial Court err/abused its discretion when it refused to grant Perlmutter and Bolicks' Motion for Summary Judgment which established that Trina Varone failed to attend a court ordered deposition.

5. Whether the trial court abused its discretion when it granted Trina Varone an overly broad protective order after she failed to attend a court ordered deposition.

6. Whether the trial court abused its discretion with regard to Perlmutter and Bolicks' rights under Amendment 1 of the United States Constitution.

7. Did the trial court err in causing and permitting Perlmutter and Bolicks' right to defend themselves in court under Article 1 Sections 7 and 20 of the Pennsylvania Constitution to be denied.

8. Did the trial court commit an error of law when it failed to open the judgment despite the fact that Perlmutter and Bolick had meritorious defenses, including the complete historical record showing judicial admissions/fraud upon the court by Trina Varone and her lawyers.

## IV.  DISCUSSION:

### A.  The Court Did Not Err or Abuse its Discretion When it Denied Appellants' Request to Strike the $1,980.00 Maryland Judgment and Also Denied Appellants' Request to Open the $1,980.00 Maryland Judgment

The Court will initially address Appellants' first and eighth issues together. By virtue of those two issues, Appellants essentially complain that the Court should have stricken and/or opened the $1,980.00 Maryland Judgment because, according to Appellants, the record in the prior actions shows certain "judicial admissions" and/or fraud on the Maryland Circuit Court which required this Court to find that the $1,980.00 Maryland Judgment was void. *See* Concise Statement at 1-2. Preliminarily, however, Appellants waived the complaints of error raised in their first and eighth issues.

Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa. R.A.P. 1925(b)(4)(ii). Here,

18

Appellants' complaints of error are predicated, at least in part, upon the notion that certain purported "judicial admissions" existed which showed the $1,980.00 Maryland Judgment was void *ab initio*, and thus, the undersigned erred when she ignored them. [16] *See* Concise Statement at 1-2.

Appellants, however, failed to identify the particular judicial admissions to which they make reference. In the absence of such specificity, the undersigned is unable to ascertain what information Appellants claim she should have considered. In light of this important omission, Appellants' first and eighth issues are waived. *See* Pa. R.A.P. 1925(b); *see also S.S. v. T.J.*, 212 A.3d 1026, 1031 (Pa. Super. 2019) (explaining that issues not raised in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)(4) are waived).

### *The Court Properly Refused to Strike the $1,980.00 Maryland Judgment*

Even if the Superior Court does not find a waiver, Appellants' claims of error are meritless nonetheless insofar as the Court properly accorded the $1,980.00 Maryland Judgment full faith and credit.

---

[16] The notion of a "judicial admission" has been explained by the Pennsylvania Superior Court as follows:

> A judicial admission must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission. *Jones v. Constantino*, [429 Pa. Super. 73, 631 A.2d 1289, 1293-94 (Pa. Super. 1993)] (finding no admission where "the evidence could be reasonably construed to admit of more than one meaning"). An admission is not conclusively binding when the statement is indeterminate, inconsistent, or ambiguous.

*Koziar v. Rayner*, 200 A.3d 513, 521-22 (Pa. Super. 2018) (citations omitted).

Under the full faith and credit clause of the United States Constitution, Pennsylvania courts must recognize and enforce judgments of its sister states. *See* U.S. Const. art. IV, § 1; *Reco Equipment, Inc. v. John T. Subrick Construction, Inc.,* 780 A.2d 684, 686 (Pa. Super. 2001), *appeal denied,* 790 A.2d 1018 (Pa. 2001); *see also Koresko & Assocs., P.C. v. Farley,* 826 A.2d 6 (Pa. Super. 2003) (holding lower court erred in striking judgments that law firm sought to enforce against clients under Uniform Enforcement of Foreign Judgments Act based on erroneously finding that orders were not final for purposes of Uniform Enforcement of Foreign Judgments Act). Fulfilling this constitutional mandate, Pennsylvania has enacted the Pennsylvania Uniform Enforcement of Foreign Judgments Act ("UEFJA"). The UEFJA allows a creditor to file a foreign judgment against a debtor and directs that the judgment "shall be a lien as of the date of the filing and shall have the same effect and be subject to the same procedures, defenses and proceedings reopening, vacating, or staying judgment as a judgment of any court of common pleas of this Commonwealth and may be enforced or satisfied in like manner." 42 Pa.C.S. § 4306(b). The statute clearly defines a foreign judgment under the UEFJA as "any judgment, decree, or order of a court of the United States or of any other court requiring the payment of money which is entitled to full faith and credit in this Commonwealth." 42 Pa.C.S. § 4306(f).

The process for filing a foreign judgment against a debtor is set forth in § 4306(b) of the UEFJA as follows:

> A copy of any foreign judgment including the docket entries incidental thereto authenticated in accordance with act of Congress or this title may be filed in the office of the clerk of any court of common pleas of this Commonwealth. The clerk shall treat the foreign judgment in the same manner as a judgment of any court of common pleas of this Commonwealth. A judgment so filed shall be a lien as of the date of filing and shall have the same effect and be subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of any

20

court of common pleas of this Commonwealth and may be enforced or satisfied in like manner.

42 Pa.C.S. § 4306(b).

The courts in Pennsylvania will refuse to give full faith and credit to a foreign judgment if it was obtained in derogation of a basic, due process right of the defendant. However, when the court of another state has purported to act on the merits of a case, its jurisdiction to do so and the regularity of its proceedings are deemed presumptively valid. *See Noetzel v. Glasgow, Inc.*, 487 A.2d 1372, 1375-76 (Pa. Super. 1985) (citations omitted). In other words, in Pennsylvania, a foreign judgment is entitled to full faith and credit so long as "there was jurisdiction by the court which originally awarded the judgment, and the defendant had an opportunity to appear and defend." *See id.* (citations omitted). Additionally, the party challenging the validity of the judgment bears the burden of showing any irregularity in the proceedings. *See id.*

In this regard, the doctrine of full faith and credit embodied in Article IV, § 1 of the United States Constitution "precludes retrial in the Pennsylvania courts of the validity of the judgment of a sister state affecting Pennsylvania residents except for the limited purpose of determining whether the transferor court had jurisdiction to enter the judgment and whether the judgment was obtained without derogating the judgment debtor's due process rights." *Gerenson v. Penna. Life and Health Ins. Guar. Ass'n*, 729 A.2d 1191, 1195 (Pa. Super. 1999). Thus, while Pennsylvania UEFJA provides authority for common pleas courts to "reopen, vacate, or stay" foreign judgments, it should not be construed to override the constitutional prescription that full faith and credit be given to judicial proceedings in other states and the federal courts. *See* U.S. Const. art. IV, § 1; *see also Gerenson*, 729 A.2d at 1195.

On appeal, Appellants contend that the Court erred when it did not grant relief to them in the form of an Order striking the $1,980.00 Maryland Judgment because the judgment is void.

21

"[A] petition to strike a default judgment should be granted where a fatal defect or irregularity appears on the face of the record." *Erie Ins. Co. v. Bullard*, 839 A.2d 383, 386 (Pa. Super. 2003). A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. *Id.* at 387. Thus, when a prothonotary enters judgment without authority, that judgment is void. *Id.* In determining whether a fatal defect appears on the face of the record, and thus whether a judgment should be stricken as void, a court may only look at what was in the record when the judgment was entered. *See Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (1997). Further, "[a] judgment is void on its face [only] if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment." *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099, 1105 (Pa. Super. 1996).

In this case, Appellants argued at the October 4, 2021 hearing that the $1,980.00 Maryland Judgment is void because it flows from the September 22, 2016 Order dismissing the claims asserted by them against Appellees in the Maryland Civil Action. Appellants contend that once Judge Bair accepted certain "fraudulent facts" presented by Appellees at that proceeding on the motion *in limine*, the Maryland Circuit Court lost personal jurisdiction and subject matter jurisdiction and also denied Appellants due process. N.T. 10/4/21, at 4-5, 20-21. Appellants argue that because the $1,980.00 Maryland Judgment (entered on an award for costs on appeal) is based on Judge Bair's decision to dismiss Appellants' claims, it too is void. It is undisputed, however, that Appellants litigated to finality their claims and arguments regarding personal jurisdiction, subject matter jurisdiction and due process when they took an appeal of the September 22, 2016 Order and that decision was affirmed. N.T. 10/4/21, at 9, 17, 20-21.

22

Accordingly, Appellants' request for relief in the form of an order striking the $1,980.00 Maryland Judgment is barred by the Doctrine of Res Judicata.

The Doctrine of Res Judicata is well settled in this Commonwealth. "When a court of competent jurisdiction has determined a litigated cause on its merits, the judgment entered and not reversed on appeal is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation." *Noetzel*, 487 A.2d at 1376 (citations omitted). As the *Noetzel* Court explained:

> A final, valid, judicial determination on the merits by a court of competent jurisdiction bars any future litigation between the same parties on the same cause of action. It bars relitigation of issues raised, as well as arguments which might have been raised. This doctrine of res judicata is a part of the "national jurisprudence" by virtue of the full faith and credit clause of the federal constitution.

*Id.* (citations omitted).

Here, Appellants concede they raised their claims relating to a purported loss of personal jurisdiction and/or subject matter jurisdiction and denial of due process with the Maryland Circuit Court when they took their appeal of the September 22, 2016 Order. N.T. 10/4/21, at 9, 17, 20-21. And even if they had not done so, those claims could have been raised and litigated in the Maryland Civil Action. *See Noetzel*, 487 A.2d at 1376 (citations omitted). Thus, the

23

doctrine of Res Judicata bars Appellants' request to strike the $1,980.00 Maryland Judgment. [17]

Accordingly, this Court did not err in refusing to grant such relief. [18]

### The Court Properly Refused to Open the $1,980.00 Maryland Judgment

Appellants also complain that this Court erred when it refused to open the $1,980.00 Maryland Judgment. Specifically, Appellants contend that the $1,980.00 Maryland Judgment should have been opened because they had "meritorious defenses, including the complete historical record showing judicial admissions/fraud upon the court by Trina Varone and her lawyers." Concise Statement at 2. For the reasons set forth above, relating to waiver and the Doctrine of Res Judicata, Appellants' complaint is without merit.[19] Additionally, Appellants' complaint fails because Pennsylvania law simply does not permit the opening of a foreign judgment under circumstances such as these.

As discussed above, while the UEFJA references that a respondent to a petition to transfer may file a petition to open a foreign judgment upon its transfer, our case law makes clear

---

[17] Appellants reference the case of *Romberger v. Romberger*, 139 A. 159 (Pa. 1927) in subpart (a) of their first issue and complain that the undersigned erred in ignoring the holding of that case. The undersigned did no such thing. The facts of that case are very different from those of this action. That case did not involve the transfer of a foreign judgment. Furthermore, in that case, the alleged fatal defect on the face of the record had not been litigated previously, and therefore, the Doctrine of Res Judicata was not implicated. *See id.* Accordingly, there is nothing about the decision of the trial Court in the instant action which is inconsistent with the holding of *Romberger*.

[18] As referenced earlier, Appellants previously waived their argument that the $1,980.00 Maryland Judgment should be stricken based upon Appellees' failure to attach the affidavit referenced in 42 Pa.C.S. § 4306(c) to their Praecipe to Transfer.

[19] Appellants' claim of error is once again based upon purported "judicial admissions" and "fraud upon the court." Concise Statement at 2. Accordingly, Appellants have, at least in part, waived this issue by failing to identify the specific judicial admissions which they contend the Court ignored. Furthermore, the "meritorious defenses" which Appellants would present if the $1,980.00 Maryland Judgment was opened are based upon the same arguments made by Appellants in support of their request that the Court strike the $1,980.00 Maryland Judgment. And, as discussed above, those arguments are barred by the Doctrine of Res Judicata.

24

that the Pennsylvania transferee court <u>may not revisit</u> the merits of the underlying litigation as would be permitted of a domestic default judgment. *See Greate Bay Hotel and Casino, Inc. v. Saltzman*, 609 A.2d 817, 818 (Pa. Super. 1992) (holding that Pennsylvania Court lacked both the power and the authority to open a New Jersey judgment that had been entered by default). This is true even where the party seeking to open the judgment wishes to do so to assert the meritorious defense of lack of jurisdiction or the absence of due process because such issues need to be raised in the action where the judgment was originally entered. *See, e.g., Joshi v. Nair*, 614 A.2d 722, 732 (Pa. Super. 1992).

For example, in *Joshi v. Nair*, the Superior Court of Pennsylvania affirmed the trial court's decision which refused to vacate a judgment originally entered against the appellant in Alabama where appellant sought to demonstrate that the Alabama courts lacked jurisdiction over him and that the judgment was entered in violation of his due process rights. In that case, the defendant/appellant, a Pennsylvania resident had been sued in Alabama on a claim of fraud. The defendant/appellant did not appear and a default judgment was entered against him. The plaintiff/appellee filed a petition in the Alabama court to have the judgment set aside but that judgment was denied. The defendant/appellee transferred the judgment to Pennsylvania and the defendant/appellant filed a petition to strike the judgment. The essence of the claim offered by defendant/appellant was that the judgment was not entitled to full faith and credit because it violated principals of fundamental fairness. In support of that position, defendant/appellant argued specific defenses to the claim of fraud asserted against him. In analyzing the petition filed by defendant/appellant the Pennsylvania Superior Court noted that "a transferred judgment cannot be stricken or opened simply because the party seeking to open or strike can demonstrate that he/she would have a valid defense to the action if brought in Pennsylvania." *Id.* at 732. The

25

Pennsylvania Superior Court went on to hold that if defendant/appellant believed he had meritorious defenses to the fraud claim, his sole remedy was to assert them in the Alabama action. *See id.*

Similarly, in this case, Appellants claim that the undersigned erred when she refused to open the $1,980.00 Maryland Judgment because Appellants had meritorious defenses to present which related to a purported loss of personal jurisdiction and subject matter jurisdiction and the denial of due process. Based upon the well-settled case law of this Commonwealth, however, this Court is precluded from opening a foreign judgment to revisit the merits on such grounds. *See Commonwealth Capital Funding, Inc. v. Franklin Square Hospital*, 620 A.2d 1154, 1156 n.2 (Pa. Super. 1993); *see also Greate Bay Hotel and Casino*, 609 A.2d at 818. Accordingly, the Court did not err in refusing to do so.

Moreover, even if there was a proper basis upon which this Court could open the $1,980.00 Maryland Judgment, Appellants would be time-barred from seeking this relief. When seeking to have a judgment opened, the party seeking that relief must act promptly. *See McCoy v. Public Acceptance Corp.*, 305 A.2d 698, 700 (Pa. 1973); *see also Haggerty v. Fetner*, 481 A.2d 641, 647 (Pa. Super. 1984). While there is no "magic" number of days which will determine whether a petition to open is timely filed, delays of approximately three months or less after notice of default judgments have been held untimely in various factual circumstances. *See Reyer v. Guinta*, 436 A.2d 1212, 1214-15 (Pa. Super. 1977) (holding that a petition to open should be denied based upon a finding by trial court that petition to open was not promptly filed); *see also Papas v. Stefan*, 304 A.2d 143, 146 (Pa. 1973) (finding fifty-five day delay not prompt); *Schutte v. Valley Bargain Center, Inc.*, 375 A.2d 368, 171 (Pa. Super. 1977) (finding forty-seven day delay not prompt).

26

Here, the judgment at issue was entered more than five years ago and there was no indication that Appellants were unaware of its existence. Furthermore, even after Appellees transferred the $1,980.00 Maryland Judgment to Pennsylvania, Appellants waited more than eight months to file a petition to strike/open. Thus, Appellants' request that the $1,980.00 Maryland Judgment be opened is untimely. Accordingly, the Court did not err when it refused to grant this relief.

**B. The Court Did Not Err or Commit An Abuse of Discretion by Applying Rule 233.1 in Dismissing Appellants' Claims Against Appellees in this Action**

In Appellants' second issue raised on appeal, and its subparts, Appellants complain that the Court erred by dismissing their substantive claims against Appellees pursuant to Rule 233.1. Appellants contend that the Court erred because their claims are "counter-claims" and the comment to Rule 233.1 states that a *pro se* party is not barred from raising counterclaims or claims against other parties in litigation that the *pro se* plaintiff did not institute. Appellants further contend that by relying upon Rule 233.1, the Court denied them due process because it improperly "adopted/created" a new rule, ignored a Pennsylvania statute and also ignored Supreme Court authority requiring that the Court only rely upon settled law.[20] Appellants also suggest that this Court had an obligation to give Appellants some special notice that it intended to rely upon Rule 233.1 and that it denied them due process by failing to do so. Appellants are wrong on all counts.

---

[20] Appellants fail to identify the specific statute which they contend this Court ignored, and thus, have waived that particular issue. *See* Pa. R.A.P. 1925(b)(4).

27

Rule 233.1 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part, as follows:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > (1) the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> > (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.
>
> (d) The court may *sua sponte* dismiss an action that is filed in violation of a court order entered under subdivision (c) . . . .

Pa. R.C.P. No. 233.1(a)-(d); *see Gray v. Buonopane*, 53 A.3d 829, 836 (Pa. Super. 2012), *appeal denied*, 64 A.3d 632 (Pa. 2013) (explaining that for Rule 233.1 to properly apply, a court must find only that the parties and the claims raised in the current action are "related" to those in the prior action and that those prior claims have been resolved). The Explanatory Comment to Rule 233.1 provides:

> It has come to the attention of the Supreme Court that certain litigants are abusing the legal system by repeatedly filing new litigation raising the same claims against the same defendant even though the claim have been previously adjudicated either through settlement or through court proceedings. New Rule 233.1 provides relief to a defendant who has been subject to this type of repetitive litigation.

28

*See* Pa. R.C.P. No. 233.1, Explanatory Comment; *see also Bolick v. Commonwealth*, 69 A.3d 1267, 1270 (explaining that "Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court").[21]

The intent and applicability of Rule 233.1 was addressed by the Superior Court in *Gray v. Buonopane*, 53 A.3d 829 (Pa. Super. 2012), as follows:

> Rule 233.1 was promulgated by our Supreme Court in 2010 to stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures to secure relief for injuries they perceived but could not substantiate. Accordingly, the drafting committee constructed the Rule with attention to potential manipulation of the legal process by those not learned in its proper use, seeking to establish accountability for *pro se* litigants commensurate with that imposed upon the members of the Bar. Thus, the Rule operates to spare potential defendants the need to defend spurious claims, first, by allowing the expeditious dismissal of duplicative *pro se* actions and, second, by empowering the trial court to ban the *pro se* litigant's commencement of further actions against such defendants.

*Gray*, 53 A.3d at 835.

Here, a comparison of the procedural history in this case (as reflected on documents Appellants attached to their own pleadings and motions), with the averments set forth in Appellants' Second Amended Complaint and admissions made at the October 4, 2021 hearing, show that the claims raised by Appellants in this action are the same or similar to the claims litigated to conclusion by Appellants in the Sutton Estate Action and the Maryland Civil Action.[22]

---

[21] The trial court has no information as to whether or not Thomas Bolick, who is the plaintiff in *Bolick v. Commonwealth*, is the same Thomas Bolick who is an appellant in the instant action.

[22] Although this Court provides its analysis as to how Rule 233.1 applies in this case given the similarity of the claims asserted by Appellants and those litigated to finality in prior actions, the undersigned notes that Appellants did **not** specifically complain on appeal that the Court erred in concluding that the claims were sufficiently "related." *See* Concise Statement at 1.

29

For example, in Count I of the Second Amended Complaint, titled, "1983 Fourth Amendment – Unlawful Seizure); Bivens claim; William Bar as Attorney General of the United State of America," Appellants seek return of "property," including Sutton Investments, LLC. Count I, ¶ 189. Notably, in the "Jurisdiction and Venue" and "Facts" sections of the Second Amended Complaint, Appellants reference this same "stolen property" as that which was the subject of the Sutton Estate Action and the Maryland Civil Action:

- Dawn Perlmutter and Thomas Bolick seek the return of stolen property. Because although the actions originated in Maryland and *Counter-Plaintiffs seek the return of stolen personal property* subject matter jurisdiction is available at the situs of personal property.

- In this action, plaintiffs allege the defendants violated the plaintiffs' rights in an ongoing conspiracy that involves state court judges denying plaintiffs [sic] due process of law by denying them meaningful access to the courts to protect defendants.

- Counter-Plaintiffs *brought suit* against Counter-Defendants Trina Varone, Jeffrey Varone and Scott Perlmutter, Gary Altman, Esq., and Altman & Associates *in Maryland state court* located in Montgomery County Maryland *for the return of stolen property.*

- In a hearing on September 20, 2016 Counter-Defendants' lawyers incited Judge Bair by introducing documents and purported facts outside the Complaint and requesting that Judge Bair retaliate against Plaintiffs because they filed a prior lawsuit against Judge Salant and Montgomery County amongst others for denying them fair access to the courts.

- [O]n September 20, 2016, Judge Gary E. Bair purported to absolve the defendants of frauds and punish Counter-Plaintiffs in retaliation by denying them due process of law and access to the courts in CV-422551-V action and granting Counter-Defendants money sanctions.

- On October 3, 2019 Judge Harry Storm entered the final judgment in the CV-422551-V action and reinforced the Judge Gary E. Bair order.

- At all times pertinent, non-defendant Scott Perlmutter, Counter-Defendants Trina and Jeffrey Varones' lawyers have practiced fraud on every court thereafter the probate by depriving counter-plaintiffs meaningful access to the courts by their attorney's misrepresentations.

30

- Counter-Defendants, Trina and Jeffrey Varone *obtained and continue to possess property that is claimed by rightful owners Counter-Plaintiffs Dawn Perlmutter and Thomas Bolick . . . .*

- Counter-Defendants Trina Varone and her confederates . . . *stole the property that Joan intended to give Dawn, by fraud and deception . . . .*

Plaintiffs' Petition to Open/Strike and Second Amended Complaint at ¶¶ 45, 50, 69, 71-73, 79-80, 86 (emphasis added).

Count II, titled "1983 First Amendment Violation – Retaliation for Exercise of Free Speech," similarly is based upon claims already litigated to conclusion in the Sutton Estate Action and the Maryland Civil Action. Indeed, in addition to incorporating prior averments, Appellants plead as follows:

- The Counter-Defendants Trina and Jeffrey Varone, through their lawyers corrupting by fraud upon the court non-defendant state employees Judges Harry Storm, Puig-Lugo and Gary E. Bair and joining and participating in the Civil Rights conspiracy by violating laws and duties in concert with the legally separate entity, the corporate defendant SUTTON INVESTMENTS LLC to obtain void judgments.

- Counter-Defendant Trina Varone used the said forgery of a Will and Codicil purporting to be that of Joan Sutton in the Orphans' Court for Montgomery County, Maryland, In the Estate of: Joan Sutton of Rockville, Maryland Estate No. W66718, to perpetrate a fraud upon the court.

- Counter-Defendants Varone and her attorney Mr. Altman . . . "knowingly, willingly, wantonly, committed perjury . . . , worked a scheme to commit fraud upon the Court to obtain Rulings to be used to deny Plaintiffs access to a jury trial . . . ."

- Judges friendly to the Varones misrepresented the controlling precedent to aid the Varones procure a dismissal avoiding justice for their fraud on the court a the compliant [sic] stated.

*Id.* at ¶¶ 94, 98, 166, 204.

Likewise, a review of the averments which purportedly support Count III reveal that Appellants again only seek to revisit past history. In support of that Count, titled "Conspiracy,"

31

Appellants again allege that Mr. Varone and Mrs. Varone conspired with Judge Storm, Judge

Puig-Lugo and Judge Bair to "commit extrinsic fraud on the Maryland Courts." *Id.* at ¶ 215.

Count IV, titled Fraud, demonstrates the same thing. In support of that Count,

Appellants assert the following:

- At all times material, Defendants were in violation of Maryland Code CRIMINAL LAW TITLE 7-THEFT AND RELATED CRIMES Subtitle 1 - Crimes Involving Theft Section 7-104 which prohibits: (a) Unauthorized control over property . . . .

- Defendants through scheme, plan and artifice, are keeping stolen property for their own use.

- For the purpose of depriving Plaintiffs from their benefit of their property [D]fendants during the course of the litigation in Montgomery County, MD and Washington, DC, had their lawyers submit pleading to the courts that were known to be fraudulent.

- Defendants were on notice from the time of their fraudulent appointment as executor of the Estate of Joan Sutton, deceased, that the assets taken from the estate were stolen.

- Defendants, through the receiving and possession of the estate proceeds, property continue to keep the property away from [P]laintiffs, the proper owners, for [D]efendants' own personal gain.

- Defendants knowing deprived, defrauded and prevented Plaintiffs of funds that were due [to] them and continue to possess stolen property.

*Id.* at ¶¶ 229-231, 234, 239, 241.

And, finally, in Count VI, titled "Declaratory Relief," Appellants once again include

averments relating to this purported "stolen property," the possession of which they continue to

seek via the within litigation:

- The crime, as defined by Congress, is not crossing a state line with stolen goods, but carrying or transporting stolen goods. . . .

- A constructive trust is an equitable remedy used to compel a person holding property to transfer it to the person entitled to possession.

*Id.* at ¶¶ 258-259.

The foregoing demonstrates that the claims which Appellants sought to litigate in this action are similar and related to those which already have been litigated to finality in the Sutton Estate Action and the Maryland Civil Action. Appellants, however, unhappy with the decisions of those courts, and in violation of court orders directing them to discontinue their vexatious conduct, continue to seek further bites at the apple. Rule 233.1 was designed for exactly this type of situation – that is, where unrepresented parties misuse and abuse the judicial system under the guise of asserting substantive claims against another party. Thus, the undersigned properly applied Rule 233.1 to put an end to this vexatious conduct in Bucks County.

Appellants point to the Note associated with Rule 233.1 and based thereupon contend this Court erred in applying it in this case. The Note to Rule 233.1 explains that "[a] *pro se* party is not barred from raising counterclaims or claims against other persons in litigation that the *pro se* plaintiff did not institute." *See* Pa. R.C.P. No. 233.1, Note. Appellants argue that the Rule does not apply to them because they are not "plaintiffs."[23] In fact, Appellants are the *only* parties who have asserted *any substantive claims* in this action. Appellees merely transferred a judgment. And, notably, the $1,980.00 Maryland Judgment was originally entered in an action which <u>was commenced</u> by Appellants. Also, Appellees had the option of commencing an action here in Pennsylvania to enforce the $1,980.00 Maryland Judgment pursuant to 42 Pa. C.S. § 4306(e), in which case, Appellees would have been the plaintiffs. *See* 42 Pa. C.S. § 4306(e); Pa. R.C.P. No. 1007. However, Appellees chose instead to simply transfer the $1,980.00 Maryland Judgment.

---

[23] As referenced earlier, prior to the Court's October 28, 2021 Order, Appellants often referred to themselves as the "Plaintiffs" in their various filings.

33

Furthermore, Appellants could have chosen to begin a separate action in Bucks County to pursue their substantive claims against Appellees. It belies logic to conclude that Rule 233.1 would apply in that scenario but not the current situation.

The bottom line is that this is exactly the type of case to which Rule 233.1 was intended to apply. Appellants have been litigating these same claims against Appellees for more than ten (10) years, in multiple courts and in various jurisdictions. They already have been found by one court to be "vexatious litigants" and twice ordered to discontinue litigating their claims against Appellees. *See* Exhibit A and Exhibit B. And yet, Appellants continue to assert these same claims and arguments. It is well settled in this Commonwealth that the "power to bar frivolous litigation at the trial court level rests with the trial court." *Commonwealth v. Bolick*, 69 A.3d at 1270. The most appropriate tool available to this Court to put an end to what is clearly frivolous and vexatious litigation on the part of Appellants is Rule 233.1. The Court properly applied this Rule to do so.

The Court also did not ignore any governing precedent in applying Rule 233.1. Appellants contend in a subsection to this issue raised on appeal that the undersigned ignored the United States Supreme Court case of *District of Columbia v. Wesby*, 138 S.Ct. 577 (2018) when it applied Rule 233.1 and dismissed Appellants' Second Amended Complaint. The *Wesby* case involved a civil suit against the District of Columbia and five of its police officers, brought by individuals arrested for holding a party at a house they did not have permission to enter, whether there was probable cause to arrest the partygoers, and whether the officers were entitled to qualified immunity. There was discussion in that case as to whether the alleged unlawful conduct on the part of the officers was sufficiently clearly established in the context of whether they were entitled to qualified immunity. *See id.* at 589-92. Here, Appellants point to *Wesby*

34

and suggest that this Court's application of Rule 233.1 to dismiss Appellants' claims against Appellees somehow violated *Wesby* because Rule 233.1 itself, or the Court's application of it in this case, was not based upon settled legal precedent. In either instance, Appellants are incorrect.

First, the constitutionality of Rule 233.1 has previously been addressed and confirmed by our Courts. *See e.g., Coulter v. Lindsay*, 159 A.3d 947 (Pa. Super. 2017). Second, as demonstrated above, the undersigned's application of Rule 233.1 was appropriate in this case where the substantive claims sought to be litigated by the Appellants were the same or similar to those previously litigated to conclusion in a prior action (and in this case, at least two prior actions). *See* Pa. R.C.P. No. 233.1; *Gray*, 53 A.3d 829 (Pa. Super. 2012) (affirming Order entered pursuant to Rule 233.1 dismissing action and barring appellants from further attempts to re-litigate issues addressed in prior action).

Additionally, Appellants complain that they were somehow denied due process when the Court granted Appellees' Motion to Dismiss brought pursuant to Rule 233.1 "without NOTICE." Concise Statement at 1. This complaint also is without merit. Indeed, the record completely reflects otherwise. First, Appellees actually cited to Rule 233.1 in their Motion to Dismiss so Appellants had notice that Rule 233.1 was the basis for Appellees' request that the claims be dismissed. Second, the Court issued an order for hearing which specifically identified the motions/issues that would be addressed at the hearing. Furthermore, at the hearing, Appellants both appeared and were provided an opportunity to be heard. *See* N.T. 10/4/21.

### C. The Court Did Not Violate Appellants' Constitutional Rights

By virtue of Appellants' sixth and seventh issues, Appellants complain that the Court violated certain rights they enjoy pursuant to the United States Constitution and the Pennsylvania Constitution. Appellants, however, have waived these issues.

35

First, Appellants contend that the Court "abused its discretion with regard to Perlmutter and Bolicks' rights under Amendment 1 of the United States Constitution." Concise Statement at 2. The First Amendment to the United States Constitution provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.

In their Concise Statement, Appellants utterly fail to identify which particular right or rights protected by the First Amendment the Court purportedly violated. Additionally, Appellants fail to identify the act(s) or omission(s) on the part of the Court which Appellants contend form the basis of the alleged violation of this unidentified right or rights. Accordingly, Appellants have waived this claim of error on appeal. *See* Pa. R.A.P. 1925(b)(4)(ii); *S.S.*, 212 A.3d at 1030-34 (holding that father's challenges to trial court's order denying modification were waived because father's Pa. R.A.P. 1925(b) statement was not sufficiently specific and coherent to allow trial court to understand specific allegations of error and offer a rebuttal).

Similarly, Appellants have waived their seventh issue raised on appeal. Appellants complain that the Court erred in "causing and permitting Perlmutter and Bolicks' right to defend themselves under Article 1 Sections 7 and 20 of the Pennsylvania Constitution to be denied." Concise Statement at 2. Article I, § 7 of the Pennsylvania Constitution, entitled, "Freedom of press and speech; libels," provides as follows:

> The printing press shall be free to every person who may undertake to examine the proceedings of the Legislature or any branch of government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty. No conviction shall be had in any prosecution for the publication of papers relating to the official conduct of officers or men in public capacity, or to any other matter

proper for public investigation or information, where the fact that such publication was not maliciously or negligently made shall be established to the satisfaction of the jury; and in all indictments for libels the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.

Pa. Const. art. I, § 7.

Article I, § 20 of the Pennsylvania Constitution, titled "Right of petition," provides as follows:

The citizens have a right in a peaceable manner to assemble together for their common good, and to apply to those invested with the powers of government for redress of grievances or other proper purposes, by petition, address or remonstrance.

Pa. Const. art. I, § 20.

Again, Appellants utterly fail to identify in their Concise Statement the specific rights to which they refer. Appellants also fail to identify the conduct on the part of the Court which forms the basis for the alleged constitutional violations. Thus, this issue is waived. *See* Pa. R.A.P. 1925(b)(4); *see S.S.*, 212 A.3d at 1030-34 (holding that father's challenges to trial court's order denying modification were waived because father's Pa. R.A.P. 1925(b) statement was not sufficiently specific and coherent to allow the trial court to understand the specific allegations of error and offer a rebuttal).

Furthermore, and even if the Superior Court does not find that Appellants waived their claims of alleged Constitutional violations, Appellants' claims of error are seriously misguided. As stated above, Rule 233.1 has withstood constitutional scrutiny. *See e.g.*, *Coulter*, 159 A.3d at 947. Furthermore, neither the United States Constitution nor the Pennsylvania Constitution provides Appellants a constitutional right to misuse or abuse the judicial system.

37

**D.     The Court Did Not Err or Abuse its Discretion When it Did Not Rule in Favor of Appellants on Their Motion for Judicial Notice**

In their next issue, Appellants complain that this Court violated Pennsylvania Rule of Evidence 201 when it did not grant Appellants' Motion for Judicial Notice. Appellants are incorrect.

Rule 201 of the Pennsylvania Rules of Evidence addresses whether or not a Court should take judicial notice of an adjudicative fact. *See* Pa.R.E. 201. Specifically, Rule 201 provides as follows: "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). Subparagraph (c) of Rule 201 further provides that the Court "(1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." Pa.R.E. 201(c). As to when the Court may take judicial notice, Rule 201 provides that the Court may take judicial notice "at any stage of the proceeding." Pa.R.E. 201(d).

In this case, Appellants contend that the Court erred and abused its discretion when it did not take "mandatory" judicial notice of certain "record documents" which "record documents" Appellants represent in their Concise Statement were "presented by motion." Concise Statement at 2. In their Motion for Judicial Notice, Appellants identify these "record documents" as the docket entries from the Office of the Register of Wills in Montgomery County, Maryland for the Estate of Sutton.[24] Appellants referred to those "record documents" as exhibits attached to the

---

[24] This is the same information that Appellants requested the Maryland Circuit Court to take judicial notice of in that action. And again, the Maryland Circuit Court dismissed all of the claims asserted by Appellants against Appellees in that action and that decision was affirmed on appeal.

38

Motion for Judicial Notice. Motion for Judicial Notice at 1. In fact, however, Appellants failed to attach any exhibits to their Motion for Judicial Notice. *See id.* Accordingly, this Court was not mandated pursuant to Rule 201 to take judicial notice of anything. *See* Pa.R.E. 201.

Furthermore, as referenced above, upon the filing of their Motion for Judicial Notice, Appellants were advised by Court Administration that the Motion for Judicial Notice would not be ruled upon in its current form and also that Appellants could raise this evidentiary issue at a future hearing or argument. Notwithstanding this guidance, Appellants never made any request at the October 4, 2021 hearing that this Court to take judicial notice of any information nor did they file any amended or additional motion. Consequently, Appellants have waived any argument that the Court should have taken judicial notice of some adjudicative fact.

Moreover, Appellants suffered no prejudice insofar as the Court ultimately did consider the very documents referenced in the Motion for Judicial Notice. Ironically, at the October 4, 2021 hearing, Counsel for Appellees requested to move the docket entries from the Office of the Register of Wills in Montgomery County, Maryland for the Estate of Sutton into evidence. Appellants did not object. Accordingly, these "record documents" as Appellants identified them in their Motion for Judicial Notice, were marked as Exhibit D-1, admitted into evidence, and considered by the Court in making its decision.

E.      **The Court Did Not Err or Abuse its Discretion When it Did Not Grant Appellants' Motion for Summary Judgment**

Appellants further complain that the Court erred and/or abused its discretion by choosing not to grant Appellants' "motion for summary judgment," which Appellants contend established that Trina Varone had failed to attend a court-ordered deposition. This complaint also lacks merit.

39

Rule 1035.2 of the Pennsylvania Rules of Civil Procedure addresses the timing and process for the filing of a motion for summary judgment as follow:

> After the relevant pleadings are closed, but within such time as to not unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or by expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa. R.C.P. No. 1035.2

Here, Appellants never actually filed a motion for summary judgment. Instead, Appellants filed "Plaintiffs Dawn Perlmutter and Thomas Bolick's **Brief in Support** of Their Motion for Summary Judgment (emphasis added). Furthermore, even if the document itself could be considered a motion, then Appellants never filed a supporting memorandum of law and/or a 208.3(b) Praecipe as required by Pa. R.C.P. No. 208.3(b) and B.C.R.C.P. 208.3(b) to move the motion forward for a decision by the Court. *See* Pa. R.C.P. No. 208.3(b); B.C.R.C.P. No. 208.3(b). Accordingly, the Court did not err when it chose not to rule upon this "motion."

Second, even if the "motion" had been correctly filed and moved forward for disposition, the Court would properly have denied it as having been filed prematurely. At the time this "motion" was filed, on September 14, 2020, the pleadings in this matter remained open. As of that date, Appellees' Preliminary Objections to the "Amended Counter-Claim Complaint" were pending as were Appellants' Preliminary Objections to Appellee's Preliminary Objections. And in fact, several months later, in November 2020, Appellants filed Plaintiffs' Petition to Open/Strike and *Second Amended* Complaint.

Appellants also reference a purported failure on the part of Mrs. Varone to attend a court-ordered deposition in connection with this issue raised on appeal. It is unclear how such an event

40

relates to the merits of Appellants' "motion," and, as discussed above, given the various deficiencies with Appellants' "motion," the Court could not have properly ruled upon by it in any event. However, and for the sake of completeness, the Court will attempt to address this matter.

First, and notwithstanding Appellants' representation to the contrary, this Court never entered an order directing Mrs. Varone to attend a deposition. To the extent that the Appellants' argument is based upon the Rule to Show Cause issued in early December 2020, that reliance is misplaced. The plain language of that Rule to Show Cause simply sets deadlines for Appellees to file a response to Appellants' Petition to Open/Strike and Second Amended Complaint of December 28, 2020 and for the parties to complete depositions. It does not, however, direct any party to appear for a deposition, nor does it preclude any party from asserting an objection to any notice of deposition or seeking a protective order. *See* Exhibit D.

Second, and again, notwithstanding that Appellants suggest otherwise, there is no argument made in Appellants' "motion for summary judgment" relating to any purported failure on the part of Mrs. Varone to appear for a deposition. Indeed, the "motion" makes no reference to any such deposition. [25]

### F. The Trial Court Did Not Err or Abuse its Discretion When it Granted Appellees' Motion for a Protective Order

Finally, Appellants contend that the Court erred by granting an overly broad protective order to Appellees after Mrs. Varone failed to attend a court-ordered deposition. Appellants' complaint is without merit.

---

[25] Rather, for the most part, this "motion" is a regurgitation of the Appellants' pleadings.

Pursuant to Rule 4012, a party may seek a protective order. Rule 4012 provides, in pertinent part, as follows:

> Upon motion by a party or by the person from whom discovery or deposition is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense, include one or more of the following: (1) that the discovery or deposition shall be prohibited; (2) that the discovery or deposition shall be only on specified terms or conditions, including a designation of the time and place; (3) that the discovery or deposition shall be only by a method of discovery or deposition other than that selected by the party seeking discovery or deposition; (4) that certain matters shall be inquired into; (5) that the scope of discovery or deposition shall be limited; (6) that discovery or deposition shall be conducted with no one present except persons designated by the court; (7) that a deposition shall be sealed and shall be opened only by order of the court; (8) that the parties simultaneously shall file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; (9) that a trade secret or other confidential research, development or commercial information shall not be disclosed or be disclosed only in a designated way.

*See* Pa. R.C.P. No. 4012(a).

In this case, Appellees sought a protective order precluding discovery until after the disposition of Plaintiffs' Motion to Dismiss Petition to Open/Strike Judgment and Second Amended Counterclaim Complaint. In response, Appellants offered no explanation as to why the information sought via the notice of deposition, or any discovery for that matter, was necessary to disposition of this motion. Indeed, a review of the response filed by Appellants to the Motion for Protective Order confirms that Appellants' focus in this litigation was on claims and issues litigated previously.

Furthermore, this purported error on the part of the Court as stated by Appellants is based upon a clear misrepresentation of the record in this case. As discussed above, and contrary to the representation of Appellants in their Notice of Appeal, Mrs. Varone was never court-ordered to appear for a deposition. And, notably, Appellants do not reference in their Concise Statement any specific Order directing her to appear.

42

## V.    <u>CONCLUSION</u>

For the forgoing reasons, this Court respectfully submits that this Appeal be

**DISMISSED** and the Court's decision reflected in the October 28, 2021 Order **AFFIRMED**.

**BY THE COURT:**

DATE: 2/22/22

**DENISE M. BOWMAN, J.**

43